IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 19 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

CHERYL DAVIS
4507 Dallas Place,
Temple Hills, #202,
MD 20748
    Plaintiff,

v.

MICHAEL CHERTOFF, SECRETARY
U.S. DEPT. OF HOMELAND SECURITY
Washington, DC 20528-5072

    Defendant

---

CASE NUMBER 1:05CV01423

JUDGE: Henry H. Kennedy

DECK TYPE: Employment Discrimination

DATE STAMP: 07/19/2005

JURY ACTION

## COMPLAINT

1. Plaintiff brings this action against her employer alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et. seq., as amended.

2. Jurisdiction of this Court is provided under 42 U.S.C. Secs. 2000e-16.

3. Venue in this district is appropriate inasmuch as plaintiff was employed with Defendant in this district and the acts of discrimination complained of all took place in this district.

4. Plaintiff is commencing this action within 90 days from when she received her right to sue authorization and has otherwise exhausted her administrative processing requirements.

## PARTIES

5. Plaintiff, Cheryl E. Davis, is a resident of the State of Maryland and is a U.S. citizen.

1

6. Michael Chertoff is the Secretary for the Department of Homeland Security. As such, he is responsible for administering the agency and preventing discrimination within its ranks. He is being sued only in his official capacity here.

## FACTS

7. Plaintiff is a 47 year old African American female.

8. Plaintiff is currently employed as a Criminal Investigator, GS-12, in the Federal Protective Services of the General Services Administration.

9. Plaintiff started working for Defendant in 1984. Plaintiff has performed her duties well and received good reviews and promotions.

10. On April 11, 2001, Plaintiff's government issued weapon was stolen from her car which was parked in front of her house. She promptly reported the theft to the Defendant. Defendant did not investigate the incident at that time. In July, 2002, some 13 months after the incident, Deputy Director Dean Hunter (Caucasian male) proposed that Plaintiff be issued a 30 day suspension for failing to properly secure her weapon in her residence. Plaintiff appealed from the proposed suspension, citing male coworkers who had their weapons lost or stolen were not disciplined at all or were only issued infraction write ups.

11. By memorandum dated July 25, 2002, Director Andre Jordan (African American), the deciding official on the proposed discipline, issued Plaintiff a 14 day suspension.

12. The guidelines cited in the Plaintiff's proposal to suspend were not written until January, 2002, eight months after the incident.

13. Plaintiff timely filed an EEOC complaint alleging sex and race discrimination on September 6, 2002.

2

14. On January 21, 2003, Davis was accused of improperly accessing private and confidential information related to others. Plaintiff accessed personnel information through her computer and showed other employees how to access these files. She had no notice that there was anything improper in doing so because normally confidential personnel information cannot be accessed.

15. Plaintiff was reassigned to administrative duties in another building and asked not to have any contact with investigative case files or conduct any investigations or interviews. After being reassigned, Plaintiff had no access to a computer, her government e-mail account was closed, her government car was taken away and she was placed in an undesirable office with extreme temperatures. The phone number assigned to Plaintiff in her new office was actually for a phone line located in a different office and for 2 months she could not receive calls because when people called her on the number assigned to her, the phone rang in a different office.

16. Defendant's isolation and discipline of Plaintiff were in retaliation for Plaintiff filing an EEO complaint because other employees accessed the same information but were not disciplined. Besides, there are no established policies that mandate disciplinary actions for accessing disciplinary actions.

17. On January 16, 2003, Defendant questioned Davis' co-worker Ira Johnson and accused Johnson of assisting Davis in running a personal errand. Johnson told Blocker that he did not assist Davis in a personal errand. Defendant threatened Johnson with an IG investigation if he found that Johnson gave her a ride.

18. Defendant asked Johnson not to ride with Davis when they were on investigations. Johnson subsequently did not give Plaintiff rides for official business.

## CLAIMS

### I. SEX DICRIMINATION UNDER TITLE VII

Plaintiff submits that the Agency's issuance of a 14 day suspension to her for not securing her weapon properly was unduly harsh and much more severe than the discipline issued to similarly situated males, who lost or had their weapons stolen from their vehicles or residence.

### II. RETALAITION FOR FILING AN EEO COMPLAINT:

20.  Plaintiff further submits that the Agency retaliated against her when they cited her for accessing confidential personnel information and reassigned her to a less desirable area and relieved her of her case processing duties.  Her coworkers who accessed the very same information were not even cited for the incident and the difference in treatment was motivated by management's animosity toward Plaintiff because of her filing the prior EEO complaint.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court to grant her the following relief:

1.  Direct Defendant to remove her 14 day suspension from her record and and make Plaintiff whole for all losses in pay and benefits;

2.  Direct the Agency to remove any reference to Plaintiff being cited for improperly accessing personnel information and to being reassigned as discipline for having done so.

3.  Direct the Defendant to compensate Plaintiff for pain and suffering damages arising from Defendant's discrimination against her;

4

4.   Direct that Plaintiff be awarded pre and post judgment interest on the amounts determined to be owed to her;

5.   Direct that Plaintiff be reimbursed for all costs she incurred in having to bring this action to secure her rights to be free from discrimination in her workplace and to pay her attorneys reasonable fees;

6.   Direct such other relief that this court might deem necessary to remedy the injuries caused plaintiff because of discrimination.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury with regard to all issues to which she is entitled to a trial by jury under law.

Respectfully submitted,

*James L Kestell*

James L. Kestell   DC 955310
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046-3510
(703) 237-2912

5