IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHERYL DAVIS,** | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 05-1423 (HHK) |
| **MICHAEL CHERTOFF, SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | ) |
| Defendant | ) |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, by and through its undersigned attorneys, hereby answer's plaintiff's Complaint as follows:

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant responds to the unnumbered and numbered paragraphs of the Complaint as follows:

1.  This paragraph contains plaintiff's characterization of this action to which no response is required.

2.  This paragraph contains plaintiff's characterization of jurisdiction to which no response is required.

3-4.  Admitted.

## PARTIES

5-6.    Admitted.

## FACTS

7.    Admitted

8.    Denied, except that plaintiff is currently employed as a Criminal Investigator, GS-12, in the Department of Homeland Security.

9.    Denied, except that plaintiff began working for defendant in March, 2003 and was employed by the Federal Protective Service of the General Services Administration from 1988 - March, 2003.

10.    Defendant admits that Plaintiff's government issued weapon was stolen from her parked car on April 11, 2001. Defendant admits that on June 18, 2002, Deputy Director Dean Hunter proposed a 30 day suspension and that Mr. Hunter is a Causcasian male. Defendant denies the remainder of the allegations set forth in paragraph 10.

11.    Admitted

12.    Denied

13.    Admitted

14.    The first two sentences of paragraph 14 are admitted. The third sentence of paragraph 14 is denied.

15.    Defendant admits that plaintiff was moved to another location and was told that she would not be receiving any new assignments pending the outcome of an investigation into her conduct. Defendant admits that plaintiff's access to the computer was revoked pending an investigation into her conduct. Defendant denies the remainder of the allegations set forth in paragraph 15.

16.   Denied

17.   Defendant admits that it questioned Davis' co-worker Ira Johnson about assisting Davis in running a personal errand in his government vehicle and that Johnson denied doing so. Defendant denies the remainder of the allegations set forth in paragraph 17.

18.   Denied

## CLAIMS

### I. SEX DISCRIMINATION UNDER TITLE VII

Denied

### II. RETALIATION FOR FILING AN EEO COMPLAINT

20.   Denied.

## REQUEST FOR RELIEF

These paragraphs contain plaintiff's requests for relief to which no answer is deemed necessary, but insofar as an answer is deemed necessary, defendant denies that plaintiff is entitled to the relief requested herein or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to and limited to 42 U.S.C. § 1981a.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for trial by jury is a request to which no answer is deemed necessary.

Defendant specifically denies all of the allegations of the Complaint not herein before otherwise answered.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted its costs and other such relief as this Court deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
WYNEVA JOHNSON, DC Bar#278515
Assistant United States Attorney

OF COUNSEL
KATHARINE JOHNSON