UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHERYL DAVIS

    Plaintiff,

    v.                                        Civil Action No. 05-1423 (HHK)

MICHAEL CHERTOFF, SECRETARY
DEPT. OF HOMELAND SECURITY

    Defendant.

_____

## LOCAL CIV. R. 16.3 STATEMENT

1. The plaintiff brings this action against the defendant, her employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., as amended. The plaintiff alleges that defendant discriminated against her because of her race and retaliated against plaintiff for filing an EEO complaint. The Court has jurisdiction over this claim under 42 U.S.C. § 2000e-16. Defendant denies that plaintiff was discriminated against on the basis of race or subjected to retaliation.

2. The plaintiff suggests that this case should be placed in the standard track. There have been no dispositive motions filed in this case thus far. The plaintiff does not believe that this case can be disposed of by motion. Defendant recommends management of this case as set forth herein. Defendant does believe that this case can be decided by dispositive motion after the completion of discovery.

3. The plaintiff does not anticipate joining any other parties. The plaintiff does not believe that any factual or legal issues can be further narrowed at this point. Defendant does not

1

anticipate joining any parties.

4. The plaintiff agrees to a magistrate judge for this case. Defendant does not agree to the assignment of this case to a Magistrate Judge except for settlement discussions.

5. The plaintiff believes that there may be some possibility of settling this case after some discovery, although not at this point, and will inform the Court if the possibility of settlement becomes realistic at any time. Defendant cannot determine the possibility of settlement at this time.

6. The plaintiff believes that mediation may become appropriate in this case after some discovery has been completed. Defendant believes that it would be premature to send the case to alternative dispute resolution at this time.

7. The plaintiff does not believe that this case can be disposed of by motion for summary judgment or motion to dismiss. Defendant believes that plaintiff's claims can be resolved by a dispositive motion.

8. The plaintiff believes that the deadline for dispositive motions should be 45 days after the close of discovery, or by May 15, 2006, with oppositions due 21 days after service of the dispositive motion and reply briefs due 11 days after service of opposition. Defendant does not object to the schedule set forth in paragraph 8 of plaintiff's statement, with the exception of dates for the pre-trial and trial conferences.

9. The plaintiff proposes that initial disclosures pursuant to Rule 26(a)(1) of the F.R.Civ.P. be dispensed with. Defendant agrees to stipulate that the parties will waive initial disclosures.

10. The plaintiff believes that discovery should close 120 days after the date of the scheduling conference, or on April 1, 2006, with the presumptive limits of the local rules imposed upon the number of depositions and interrogatories. Defendant has no objection to plaintiff's proposed discovery schedule and number of depositions and interrogatories as required by the rules.

11. The plaintiff proposes that plaintiff's Rule 26(a)(2) report be served 60 days before the close of discovery with defendant's report to be served 30 days thereafter. No experts are anticipated. Defendant has no objection to the proposed submission of Rule 26(a)2) Reports. Defendant would add that all expert depositions be taken within the discovery period.

12. There are no class issues involved in this case. Defendant submits that this provision for class actions is inapplicable in this case.

13. The plaintiff does not believe that discovery or trial should be bifurcated. Defendant submits that there is no need for bifurcation.

14. The plaintiff proposes that a final pre-trial date be set for 120 days after the close of discovery, or on July 31, 2006. Defendant submits that the Court should not set the date for the pretrial conference at this time.

15. The plaintiff proposes that a firm trial date be set at the first scheduling conference. Defendant submits that the Court should not schedule a firm trial date at the scheduling conference.

Respectfully submitted,

| FOR THE PLAINTIFF | FOR THE DEFENDANT |
|---|---|
| By: /s/ James L. Kestell<br>James L. Kestell<br>DC Bar #955310 | By: ___/s/_____<br>Kenneth L. Wainstein,<br>D.C. Bar # 451058<br>United States Attorney |
| By: /s/ Jonathan L. Gould<br>Jonathan L. Gould<br>DC Bar # 491052 | By:_____/s/_____<br>R. Craig Lawrence,<br>D.C. Bar #171538<br>Assistant United States Attorney |
| KESTELL & ASSOCIATES<br>1012 14th Street,<br>NW, Ste 630,<br>Washington, DC 20005<br>(202) 347-0990 | By: _____/s/_____<br>Wyneva Johnson,<br>D.C. Bar#278515<br>Assistant United States Attorney<br>555 Fourth Street, N.W.<br>Washington, D.C.  20530<br>(202) 514-7224 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CHERYL DAVIS

    Plaintiff,

    v.                                      Civil Action No. 05-1423 (HHK)

MICHAEL CHERTOFF, SECRETARY
DEPT. OF HOMELAND SECURITY

    Defendant

---

SCHEDULING ORDER

UPON CONSIDERATION OF the parties' Local Civ. R. 16.3 statement, the Court enters the following scheduling order:

1. This case will be placed on the standard track.

2. Discovery will close on _____.

3. Plaintiff's 26(a)(2) report will be due on _____. Defendant's 26(a)(2) report will be due _____.

4. Dispositive motions must be filed by _____. Oppositions are due _____ and reply briefs are due _____.

5. The pre-trial conference will be held on _____. Trial will commence on _____.

SO ORDERED THIS _____ day of _____, 2005.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

cc: James L. Kestell
KESTELL & ASSOCIATES
1012 14th Street,
NW, Ste 630,
Washington, DC 20005


Wyneva Johnson
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530