UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, Secretary, )<br>U.S. Department of Homeland Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1423 (HHK) |

### STIPULATION RE PRIVACY ACT PROTECTED INFORMATION

This is an action in which plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Discovery in this case has generated requests for the production of information protected by the Privacy Act of 1974, 5 U.S.C. §552a which implicates the privacy interests of third persons not before the Court. The Parties hereby stipulate and agree, subject to the Court's approval that the following procedures shall be followed whenever discovery in this case, in whatever form, may reveal or has revealed information which may unnecessarily impinge on the privacy interests of third persons not before the Court.

1. The Parties shall designate information as subject to this Stipulation by letter mailed to plaintiff, or any counsel that he designates.

2. If either party intends to file any motion, opposition, reply or any other paper prior to trial and attach thereto or set forth therein any information subject to this Stipulation pursuant to paragraph one, that party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to

paragraph one of this Stipulation and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title and civil action number of this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

3. The right of access to all materials designated as subject to this Stipulation shall be limited to the parties, counsel for the parties, support staff and expert witnesses in their employ, and any other person mutually authorized by both parties to examine such materials. Any person having access to information subject to this Stipulation shall be informed that it is confidential and subject to a non-disclosure order of the Court.

4. Except as provided herein, no person having access to materials designated as subject to this Stipulation shall make public disclosure of those materials or use such materials in any other proceeding without further order of the Court or stipulation of the parties.

5. All documents and copies of documents designated as subject to this Stipulation shall be destroyed or returned to the Party who produced them within sixty (60) days after the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, the Party who destroyed such documents shall so notify the other Party in writing.

6. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case of any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein or in the Privacy Act shall be construed

as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

7.  Any specific part or parts of the restrictions imposed by the defendant's designation pursuant to paragraph 1 of this Stipulation may be terminated at any time by a letter from the defendant to plaintiff, or by an order of the Court. This Stipulation is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

Respectfully submitted,

_____
JAMES L. KESTELL
JONATHAN GOULD
KESTELL & ASSOCIATES
1012 14TH Street, N.W., Suite 630
Washington, D.C. 20005

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney