UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHERYL DAVIS,                         )
                                      )
Plaintiff                             )
                                      )
            v.                        ) Civil Action No. 05-1423 (HHK)
                                      )
MICHAEL CHERTOFF, SECRETARY,          )
U.S. DEPARTMENT OF HOMELAND SECURITY, )
                                      )
            Defendant.                ) May 31, 2006
_____   )

### THE PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL ANSWERS TO HER FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

#### INTRODUCTION

In this memorandum the plaintiff, Cheryl E. Davis (hereinafter referred to as Ms. Davis) will demonstrate why the Court must order the defendant, Department of Homeland Security (hereinafter referred to as Defendant or Agency), to disclose personnel information of employees who reported their weapons stolen or missing and personnel information of employees who were not disciplined within five months of their infraction.

One of the allegations in this case is that the defendant issued Ms. Davis a fourteen-day suspension for reporting her weapon stolen. However, the defendant waited fifteen months after her report before issuing the suspension. It is likely that the information in the documents would produce evidence of disparate treatment of, and/or discriminatory animus toward Ms. Davis, as well as possible evidence that could support or impeach the credibility of any witnesses involved in the suspension. Hence the documents are clearly discoverable in her gender discrimination

and retaliation case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.

**FACTS**

Ms. Davis is a 47 year old African American woman. (Complaint, ¶ 7). She is currently employed as a Criminal Investigator, GS-12, in the Federal Protective Services of the Department of Homeland Security. (Davis Decl., ¶ 2). Ms. Davis has worked for the defendant since 1984. She has performed her duties well and received good reviews and several promotions. (Complaint, ¶ 8 and 9).

On April 11, 2001, Ms. Davis' government issued weapon was stolen from her car which she had parked in her driveway. (Davis Decl., ¶ 3). She promptly reported the theft to the defendant. (Complaint, ¶ 10). Defendant did not investigate the incident on time. (Complaint, ¶ 10).

In July 2002, some fifteen months after the weapon was stolen, Deputy Director Dean Hunter (Caucasian male) proposed that Ms. Davis be issued a 30 day suspension for failing to properly secure her weapon in her residence. (Davis Decl., ¶ 3). On July 25, 2002, Director Andre Jordan (African American male), the deciding official on the proposed discipline, issued Ms. Davis a fourteen day suspension. (Davis Decl., ¶ 2). Mr. Jordan mitigated the discipline from thirty days to fifteen days because there was a lapse of time of fifteen months between the date of the incident and the date of the proposed discipline. (Davis Decl., ¶ 3).

At the time of the discipline, Ms. Davis informed Jordan, the deciding official, that sometime between April 1996 and January 1998 male co-workers had reported that their weapons were missing or stolen. She also told Jordan that these employees were not issued any discipline, but only asked to file an incident report to document that their weapon was missing. (Davis Decl., ¶ 13). Such evidence would support her claims that the defendant did not have a

consistent policy of suspending employees for losing their weapons and that the defendant's claims that it did have such a policy were both untrue and a pretext for suspending her because of her gender.

After filing her complaint in this case on December 15, 2005, Ms. Davis sought discovery of information regarding the discipline of other employees who had engaged in similar or worse behavior than allegedly she had but were not disciplined as harshly. (See Ex. 1). Ms. Davis also sought discovery of information regarding the mitigation of any penalty as a result of any delays in investigating and proposing the discipline. (See Ex. 1). The following are the requests and responses that are the subject of the motion:

## PRODUCTION REQUESTS

Request 4: Produce copies of any other incident reports and disciplinary actions where other employees reported that their weapons were stolen or missing for the 5 years preceding Ms. Davis's gun being stolen from her vehicles on April 11, 2001.

Response: Defendant objects to the request as burdensome and irrelevant to the issues in this litigation. Disciplinary files are maintained for a period of 4 years. In addition, incident reports are not filed by the name of the employee, but, rather, by date and thus a search for all incidents regarding weapons is burdensome. The request is also irrelevant with respect to any time period prior to 1998 when Andre Jordan became the Director of Federal Protective Service (FPS), National Capitol Region. Subject to and without waiving the objections, according to the search conducted of the defendant's records, no other employee has reported a weapon stolen between 1998 and 2001.

## INTERROGATORIES

Interrogatory No. 5: Identify all persons, including their job title, who were disciplined over 5 months after the infraction occurred for the past 5 years.

Response: See EEO Report of Investigation, Exhibits Nos. 2(b)(4) and 19 and defendant's response to request No. 5 of Plaintiff's Request for Production of Documents. (See Ex. 2 and 3). (See Ex. 2 and 3).

The defendant's response to production request no. 5 was completely inadequate. The

response indicates that the defendant has only searched for lost or stolen weapons for the three years prior to the date on which Ms. Davis reported her weapon stolen instead of the five years requested.

Responding for the full five year period would not be burdensome because the defendant has ready access to the information in the production request through a number of data bases. Ms. Davis knows that the defendant's Range Master maintains a database that retains records of missing or stolen weapons indefinitely. (Davis Decl., ¶ 6). The data base also contains information describing who was issued the weapon, when the weapon was issued, the physical description of the weapon, including serial number, and the location of the weapon, including whether the weapon was lost or stolen. Id.

To comply with the production requests, the defendant can first search the database to determine to whether any weapon was stolen or is missing. Then, either indirectly through the weapon's serial number or directly through other records that show the name of the employee who was issued the weapon, the defendant may cross reference that information with the name of the employee. It can then view that employee's file to determine whether he was disciplined. (Davis Decl., ¶7). When the defendant suspends or terminates an employee that record of discipline remains in the employee's file indefinitely. Id; see also GSA Order 5410.1 dated January 31, 1989. (See Ex. 4). (Davis Decl., ¶8-9).

In addition to its limited response to production request no. 5, the defendant failed to respond fully to interrogatory no.5 in that it did not identify employees who in the past five years were issued disciplined over 5 months after the infraction occurred. In its responses, the defendant indicated that the records were included in the defendant's response to request No. 5

of Plaintiff's Request for Production of Documents and EEO Report of Investigation, Exhibits Nos. 2(b)(4) and 19. However, these responses did not include a single disciplinary record of any employee. In effect, defendant filed no response to this interrogatory No. 5.

Ms. Davis has personal knowledge that the defendant maintains information on all its disciplinary actions over the last five years. The personnel files of defendant's employees contain the record of infraction and the notice of proposed action. (Davis Decl., ¶ 11). The record of infraction includes the date and description of the incident, the adverse action taken or recommended and the name of the supervisor. Id. The notice of proposed action also provides the date and description of the incident and the proposed action. Id. Therefore, a review of the record of infraction would reveal the lapse of time between the date of the incident and the date the record of infraction was issued, including whether the disciplinary action was mitigated because of a lapse of time. (Davis Decl., ¶ 12)

Ms. Davis has afforded Defendant ample opportunity to respond to her discovery requests. She sent out the requests on December 15, 2005. (See Ex. 1). The scheduling order in this case was issued on January 26, 2006. Defendant's responses to Ms. Davis' discovery requests were due on February 27, 2006.

Ms. Davis's counsel called defendant's counsel several times to request an update on the status of the discovery responses between March and May 2006. On May 3, 2006, Defendant produced its responses to the production requests, except for its response to Request no. 4 (copies of incident reports and disciplinary actions where other employees reported that their weapons were stolen and missing for the 5 years preceding Plaintiff's gun being stolen) . (See Ex. 5). Defendant also failed to respond to Plaintiff's Interrogatories. Id.

On May 9, 2006, Ms. Davis' counsel notified Defendant's counsel via facsimile that Defendant had yet to respond to Plaintiff's Interrogatories and to Document Request No. 4. (See Ex. 6). On May 15, Ms. Davis' counsel called and faxed and e- mailed another notice to defendant stating that Ms. Davis would be forced to file a motion to compel if defendant did not respond to Plaintiff's Discovery requests.  (See Ex. 7).  It was not until May 22, 2006, that the Defendant finally provided its partial response to Plaintiff's Document Request No. 4 and May 19, 2006 that defendant responded to Plaintiff's Interrogatories except for Interrogatory No. 5. (See Ex. 2 & 3).

## ARGUMENT

It is well-established that the rules of discovery in a civil case must be broadly and liberally construed in favor of disclosure.  Hickman v. Taylor, 329 U.S. 495, 507 (1947), Herbert v. Lando, 441 U.S. 153, 177 (1979).  Under Rule 26(b) (1) of the Federal Rules of Civil Procedure, the test of what must be disclosed is not limited to the admissibility of evidence at trial. Evidence which itself would be inadmissible may be sought if it may reasonably be expected to lead to the discovery of admissible evidence.

Further, in discrimination cases, where plaintiffs such as Ms. Davis must necessarily rely on circumstantial evidence to establish a prima facie case and to show the pretextual nature of the employer's decisions, the treatment of similarly situated employees is highly relevant. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-805 (1973); Gallo v. Prudential Services, 22 F.3d 1219 (2d Cir. 1994); Ibrahim v. New York State Health Department, 904 F.2d 161, 167-68 (2d Cir. 1990); Kientzy v. McDonnell Douglas Corp., 990 F.2d 1051, 1060 (8th Cir. 1993); Douglass v. Eaton Corp., 956 F.2d 1339, 1344-45 (6th Cir. 1992).

Hence, even in individual disparate treatment cases, Ms. Davis may support her case with evidence regarding the defendant's disparate administration of any disciplinary measures toward other employees.  Courts have routinely ordered defendants to produce comparative disciplinary information, medical and personnel records, and/or similar information regarding other employees. Hollander v. American Cyanamid, 895 F.2d 80, 84 (2d Cir. 1990)(company wide statistics involving layoffs ordered produced); Gile v. United Airlines, Inc., 95 F.3d 492, 499 (7th Cir. 1996)(job vacancies must be disclosed for comparable positions denied a disabled employee).

In Waters v. U.S. Capitol Police Bd., 216 F.R.D. 153, 158 -159 (D.D.C.,2003), this Court found that the "standard during discovery was not whether information sought pertained to situation identical to plaintiff's, but whether it was reasonably calculated to yield information that would permit plaintiff to argue dissimilar treatment." The Court held that defendant must disclose disciplinary records of alleged comparable employees for a period of 4 years preceding date of discrimination even if different supervisors were involved. Id; Ladsen v. Ulltra East Parking Corp., 164 F.R.D 376, 377-78 (S.D.N.Y. 1996)(personnel files of other comparative employees ordered disclosed); Griffith v. Wal-Mart Stores, Inc., 163 F.R.D. 4, 5 (E.D. Ky. 1995)(in employment discrimination case, personnel files of employer were subject to discovery where files sought were for managerial employees even though only specific acts of discrimination and not pattern or practice of discrimination was alleged); Butta-Brinkman v. FCA International, Ltd., 164 F.R.D. 475, 476, 69 FEP Cases 1276 (N.D.Ill. 1996)(same).

### A. The Court Should Order the Disclosure of the Personnel Information of Employees Who Reported Their Weapons Stolen or Missing:

Under the standards outlined above, the Court in this case should order the disclosure of

7

disciplinary records of employees who reported that their weapons were stolen or missing for the 5 years prior to April 11, 2001, the date on which Ms. Davis' gun was stolen from her vehicle. For discovery purposes, Ms. Davis does not have to establish that the information sought pertains to situations "identical to plaintiff's". She only has to establish that the information requested would permit her to argue "dissimilar treatment." <u>Waters v. U.S. Capitol Police Bd.</u>, 216 F.R.D. at 158-159. Based on her years of experience as a Criminal Investigator, Ms. Davis knows that the Defendant has the ability to find out what penalties, if any, were given to male employees who lost their weapons between April 1996 and January 1998 (Davis Decl., ¶ 2-8).

The defendant can access this information through records retained by its Range Master and through the defendant's NCIC and Case Tracking databases. (Davis Decl., ¶ 7-9). Moreover, Ms. Davis recalls specifically that at least three male co-workers filed reports of a lost or stolen weapon during that period and that she heard that these employees were not disciplined. (Davis Decl.,¶13). Ms. Davis has made a strong showing that the information in the production both exists and is readily accessible.

      B. <u>The Court Should Order the Disclosure of Personnel Information of Employees Disciplined Over 5 Months After the Infraction</u>

For similar reasons, Ms. Davis is entitled to the personnel records of employees who were disciplined over 5 months after the infraction. Based on her 22 years of service with the defendant as well as her experience as a shop stewardess Ms. Davis knows that the Defendant has a record of the employees it has suspended in the last five years because records of suspension stay in employees' files permanently. (Davis Decl., ¶ 12-13). Once the Defendant examines its personnel files to see which employees were disciplined in the last five years, it can

pull those employees' files and see the lapse of time between the incident and the discipline. Defendant does not deny that it has the records in their custody but has nonetheless failed to produce them.

Based on this evidence, Ms. Davis has also made a strong showing that such documents do exist and that therefore the Court should order their disclosure. Such evidence would support Ms. Davis' claims that the defendant discriminated against her based on gender, when, unlike her male co-workers, it waited until fifteen months after the incident before issuing her a suspension.

## CONCLUSION

For all the foregoing reasons, the Court must grant Ms. Davis' motion to compel and order the defendant to produce the documents requested forthwith.

        Respectfully submitted,
        FOR PLAINTIFF,
        Cheryl E. Davis

        By: __/s/_____
            James L. Kestell D.C. Bar # 955310
            Jonathan L. Gould D.C. Bar# 491052
            Kestell & Associates
            1012 14th Street, NW, Suite 630
            Washington, DC 20005
            Tel: (202) 347-0990
            Fax: (202) 347-4482
            email jgould@igc.org