GENERAL SERVICES ADMINISTRATION
WASHINGTON, D. C. 20405

OAD P 5410.1 CHGE 62
January 31, 1989

GSA ORDER

SUBJECT: GSA Administrative Manual

1. Purpose. This order transmits revised pages related to maintaining discipline for inclusion in the GSA Administrative Manual.

2. Explanation of changes. Ch. 3, part 8, is changed to clarify general instructions, to reflect changes in law and regulations, and to update the Penalty Guide.

3. Instructions. Remove p. xi of the table of contents for ch. 3, part 8, and pp. 169 thru 198. Insert the attached pages xi of the table of contents for ch. 3, part 8, and pp. 169 thru 198.

PAUL T. WEISS
Association Administrator
for Administration

Distribution: A; B; F; G; H; plus SPC 1251                     Attachment

January 31, 1989                                           OAD P 5410.1 CHGE 62

    (4) The employee may use the GSA grievance procedure (or negotiated grievance procedure) to contest the propriety of the penalty.

  c. Whenever it is believed that a reprimand will sufficiently impress upon an employee the seriousness of a violation and adequately serve as a corrective measure, it is to be preferred to suspension.

  d. The suggested format to be followed in preparing an official reprimand is shown in figure 3-112.

113. Suspensions.

  a. A suspension is the placement of an employee in a temporary non-duty, non-pay status for disciplinary reasons. It may be recommended as a penalty action for a serious first offense, for repetition of a less serious offense for which the employee has previously been given a lesser penalty, or when more than one offense has occurred each of which, standing alone, might not warrant a suspension.

  b. The effectiveness of suspension as a penalty action should be carefully considered in each individual case. The loss of the employee's services for the time covered by the suspension is, to some extent, a penalty on the agency and on other employees who must assume the duties of the offender during his absence. Loss of pay for several days may mean serious hardship for the employee's family or may result in indebtedness which could have an adverse rather than a beneficial effect on the future conduct record of the individual. Since a suspension is usually a matter of common knowledge, it can be expected that in some instances an employee's ability to do an effective job may be impaired, depending on the demands of the position he holds. Therefore, this penalty should normally be imposed only after counseling or written warning notices or official reprimands have proven ineffective, or when the offense is so serious as to indicate that more stringent corrective action is necessary.

  c. There are, however, instances in which suspension is an appropriate penalty action. If the offense is of such a serious nature that removal is considered, but because of extenuating circumstances it is decided to retain the employee in the service, suspension may be the only penalty appropriate to reflect the degree of agency disapproval. Or, in instances in which it is believed that drastic action is necessary to secure adherence to required standards, a suspension may be effective where counseling, warnings, and reprimands have failed.

OAD P 5410.1 CHGE 62                                           January 31, 1989

   d. No suggested format is provided for notices of proposed suspensions or of decisions on suspensions. Servicing personnel offices should always be consulted before such notices are written.

114. <u>Removals</u>.

   a. Removal is a drastic penalty which may be imposed only for repeated violations or offenses, or for one or more offenses involving serious misconduct or delinquency. Since removal on charges of misconduct can be expected to make it difficult or even impossible for the employee to continue his Government career in another agency, the step should be taken only after careful weighing of the evidence and a determination that such action is necessary to promote the efficiency of the service.

   b. Supervisors should be mindful of two obligations. Their obligation to the Government demands that standards be upheld and that employees who deliberately violate the standards be removed. By law, action must not be arbitrary or unreasonable, and must in every case be adequately supported by a preponderance of the evidence.

   c. On occasion, demotion to a lower grade position may be taken as a penalty action in lieu of removal or as an appropriate response to a given situation in its own right. For example, demotion from a supervisory to a nonsupervisory position could be a reasonable penalty where the misconduct is related to supervisory duties but the record evidences that without those responsibilities the individual would be a productive employee. Whenever demotion is considered as a penalty action, the determination should be based on what is believed to be a reasonable expectation of attitude and conduct in the lower grade position. The nature of the misconduct and the type of individual concerned will affect the decision.

   d. Frequently, employees prefer to resign rather than to face removal charges. This outcome is desirable from the standpoint of economy, and a resignation should be accepted under such circumstances. A resignation should never be obtained under duress or demanded as an alternative to some other action to be taken, but it is perfectly acceptable to present the employee with the hard choice of resignation or potential removal. If an employee resigns after recieving a removal proposal, the regulations of the Office of Personnel Management require that the Standard Form 50, Notification of Personnel Action, show under "Remarks" that the employee resigned while action was pending to separate him, giving the reasons. The employee should be informed that the information regarding his misconduct has become a matter of permanent record. Note: resignations effected

January 31, 1989                               OAD P 5410.1 CHGE 62

under a formal settlement of an appeal of disciplinary action may or may not include remarks as specified in the settlement agreement.

    e. No suggested format is provided for notices of proposed removal or of decisions on removals. Servicing personnel offices should always be consulted before such notices are written.

177 and 178                                    CH 3-114