UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHERYL DAVIS, ) | ) |
| Plaintiff, ) | ) |
| v. ) | Civil Action No. 05-1423 (HHK) |
| MICHAEL CHERTOFF, SECRETARY ) | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, ) | ) |
| Defendant. ) | ) |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant hereby responds to plaintiff's Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure.

REQUEST NO. 1:

Produce all documents, position papers, witness statements that Defendant submitted to the EEOC in defense of Plaintiff's complaint, or any document which Defendant obtained from the EEOC relating to Plaintiff's complaint.

RESPONSE:

Plaintiff did not appeal to the EEOC. Thus, there are no documents responsive to this Request.

REQUEST NO. 2:

Produce all documents comprising the plaintiff's personnel file with the defendant's including all references to performance or discipline:

RESPONSE:

Plaintiff's Official Personnel Folder is attached as Response No. 2.

REQUEST NO. 3:

Produce the entire investigative file that Defendant developed relating to the incident of April 11, 2001 which led to Plaintiff's getting suspended including any analysis of who was at fault for the incident.

RESPONSE:

See Agency EEO Report of Investigation, Exhibit 17, which was previously provided to Plaintiff during the administrative EEO process. In addition, other documents, a memorandum containing Ronald Blocker's explanation of his delay in proposing disciplinary action and a congressional filed by Ms. Davis are attached as Response No. 3.

REQUEST NO. 4:

Produce copies of any other incident reports and disciplinary actions where other employees reported that their weapons were stolen and missing for the 5 years preceding plaintiff's gun being stolen from her vehicles on April 11, 2001.

RESPONSE:

Defendant objects to this request as overly broad. Without waiving this objection, the disciplinary files are normally only maintained for a period of 4 years. However, all available files are produced as Response No. 4.

REQUEST NO. 5:

Produce all documents, including guidelines, policies, and regulations used to propose plaintiff's suspension in July 2002.

**RESPONSE:**

The General Services Administration (GSA) Disciplinary Guide, the GSA Administrative Manuals, and the Code of Federal Regulations (CFR) were used to propose Plaintiff's July 2002 suspension. The GSA Disciplinary Guide is located in the EEO Report of Investigation, Exhibits 20 and 30. The provisions regarding disciplinary actions are located in 5 CFR parts 735 through 752, and can be found at ecfr.gpoaccess.gov. The GSA Administrative manuals are attached as Response No. 5.

**REQUEST NO. 6:**

Produce all documents, including guidelines, policies, and regulations used to suspend plaintiff in July 25, 2002.

**RESPONSE:**

See Response to Document Request No. 5.

**REQUEST NO. 7:**

Produce the entire investigative file that Defendant developed relating to the incident of January 21, 2003 which led to Plaintiff getting reassigned to administrative duties, including any witness statements taken, any analysis of who was at fault for the incident

**RESPONSE:**

The responsive documents are attached as Response No. 7.

**REQUEST NO. 8:**

Produce guidelines, policies, and regulations that mandate disciplinary action against employees for accessing private and confidential information.

RESPONSE:

See EEO Report of Investigation, Exhibits 20, 26, 27, 28, 29, and 30; see also OADP 5410.1, GSA Administrative Manual, Chapter 3, Part 8, Maintaining Discipline, Change 62 dated January 31, 1989; OAD P 1878.8, GSA Privacy Act Program, change 6 dated April 3, 1981; CIO 2100.1, GSA Information Technology (IT) Security Policy, dated October 20, 2000; CPO IL-03-1, Ensuring privacy and security of personal information in GSA, dated February 24, 2003 CIO IL-02-02, GSA IT General Rules of Behavior, dated July 3, 2002; attached. See also GSA Privacy Act regulations at 41 CFR part 105, and 5 U.S.C § 552 (i)(1).

REQUEST NO. 9:

Produce guidelines, policies and regulations relating to the security measures the agency is required to take to make personal information inaccessible to all employees.

RESPONSE:

See Response to Request No. 8.

REQUEST NO. 10:

Produce copies of investigative files for any other employee who was accused of improperly accessing private and confidential information for the past 5 years.

RESPONSE:

There are no responsive documents.

REQUEST NO. 11:

Produce any and all disciplinary actions issued to other employees who accessed similarly private and confidential information around January 21, 2003.

4

RESPONSE:

There are no responsive documents.

REQUEST NO. 12:

Produce copies of any other incident reports and disciplinary actions taken against employees for the 5 years prior to January 2003.

RESPONSE:

Defendant objects this Interrogatory as overly broad. Without waiving this objection, the disciplinary files are normally maintained for only 4 years. All available disciplinary files have been located and are produced as attachment 4.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
KATHARINE JOHNSON
Associate Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___3rd___ day of May 2006, I caused a copy of the foregoing Defendant's Response to Plaintiff's Request for Production has been delivered by hand to:

James L. Kestell
Jonathan Gould
Kestell & Associates
1012 14th Street, N.W., Suite 630
Washington, D.C. 20005

_____
WYNEVA JOHNSON
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7224