UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1423 (HHK) |
| | ) |
| MICHAEL CHERTOFF, SECRETARY | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO HER FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff's Motion to Compel requests that defendant "disclose personnel information of employees who reported their weapons stolen or missing and personal information of employees who were not disciplined within five months of their infractions." Motion, p.1. Specifically, plaintiff requests that defendant respond to Request for Production No. 4 and Interrogatory No. 5. The discovery requests and defendant's response are set forth below:

### PRODUCTION REQUESTS

**Request 4**: Produce copies of any other incident reports and disciplinary actions where other employees reported that their weapons were stolen or missing for the 5 years preceding Ms. Davis's gun being stolen from her vehicles on April 11, 2001.

**Response**: Defendant objects to the request as burdensome and irrelevant to the issues in this litigation. Disciplinary files are maintained for a period of 4 years. In addition, incident reports are not filed by the name of the employee, but, rather, by date and thus a search for all incidents regarding weapons is burdensome. The request is also irrelevant with respect to any time period prior to 1998 when Andre Jordan became the Director of Federal Protective Service (FPS), National Capitol Region. Subject to and without waiving the objections, according to the search conducted of the defendant's records, no other employee has reported a weapon stolen between 1998 and 2001.

## INTERROGATORIES

**Interrogatory No. 5**: Identify all persons, including their job title, who were disciplined over 5 months after the infraction occurred for the past 5 years.

**Response**: See EEO Report of Investigation, Exhibits Nos. 2(b)(4) and 19 and defendant's response to request No. 5 of Plaintiff's Request for Production of Documents. (See Ex. 2 and 3). (See Ex. 2 and 3).

Defendant opposes plaintiff's motion. First of all, plaintiff has not conferred with defendant specifically as to Interrogatory No. 5 prior to the filing of plaintiff's motion. Plaintiff's counsel would have learned that documents which were to be incorporated in the answer to Interrogatory No. 5 had been prepared but omitted from the answer. Defendant has provided the information to plaintiff's counsel on this date. The supplemental answer also includes additional information. The supplemental answer to Interrogatory No. 5 is:

**ANSWER:** The attached Supplemental Answer to Interrogatory No. 5 is a chart compiled by the Management Analyst Division, Federal Protective Service, National Capital Region. The chart was inadvertently identified as the response to Document Request No. 5 and omitted from the Answer to Interrogatory No. 5.

The disciplinary files from the Management Analyst for the time period of 2000 to the present also reveal that the following additional persons were disciplined more than 5 months after the date of the offense: James Bright, Police Officer (second and third offenses); Bradley Fitzgerald, Area Security Commander; David Churnesky, Area Security Commander; William Freeman, Police Officer; and Michael Leon, Police Officer.

Plaintiff did contact counsel with regard to Production Request No. 4. Defendant filed a Supplemental Response to the Request for Production No. 4. Plaintiff, however, did not contact defendant specifically with regard to defendant's Supplemental Response to the Request for Production No. 4. Defendant, however, has provided a Second Supplemental Response to Request for Production No. 4. Defendant's response is set forth below:

**RESPONSE:**

Subject to and without waiving the previously asserted objections, attached is an incident report regarding Andrew Hokett, who lost his weapon in 1997. The report was located by the Criminal Intelligence and Analysis Division based on the employee's name and the incident report number, both of which were provided by the plaintiff during the EEO investigation and discovery in this matter. The report was also recently located by the Range Master in his files. In 1997, the records retention policy for the General Services Administration was three (3) years. Thus there are no available investigative or disciplinary action files regarding this incident. In addition, Mr. Hokett was removed from federal service in 2003, so defendant no longer retains his official personnel folder. At the time of Ms. Davis' disciplinary action in 2002, the incident involving Hokett was 4 years old and it occurred prior to Andre Jordan's appointment as Director of the Federal Protective Service, National Capitol Region. As stated in defendant's First Supplemental Response to Production Request No. 4, no employee, other than plaintiff, has reported a weapon stolen between 1998 and 2001.

In addition to the Supplemental Answer to Interrogatory No. 5 and Second Supplemental Response to Production Request No. 4, defendant hereby submits the Declarations of Francine Anderson, Management Analyst, Federal Protective Service, National Capital Region in support of its release of documents. The disciplinary files were maintained for a period of 3 years in accordance with the GSA records retention policy. Francine Anderson Declaration ("Decl") ¶ 3. The disciplinary files include the GSA form 225, Record of Infraction, the Proposal letter, the Decision letter and any evidence supporting the disciplinary action. Id.

In addition, plaintiff has asserted that there were several male employees who allegedly lost their weapons but were not disciplined. Ms. Anderson states:

> However, none of these incidents occurred while Mr. Jordan was the Director or were within the 3-year records retention period. Therefore, there were no available files to determine if the loss of the weapon was investigated and by whom; if any investigation substantiated misconduct; and what, if any, disciplinary action was taken. No other employees lost their weapons during the time period that Mr. Jordan acted as Director of the Federal Protective Service, National Capital Region from 1998 to 2002.

Decl. ¶ 6. Thus, there is no basis for plaintiff's assertion that defendant has not fully answered Interrogatory No. 5.

Defendant has also fully responded to Plaintiff's Request for Production No. 4. William Johnson, Range Master, Federal Protective Service, National Capital Region, found a hard copy of an incident report for 1997 regarding a lost or stolen weapon involving employee Andrew Hokett. However, those records are maintained by the Criminal Intelligence and Analysis Section. William Johnson Declaration ¶ 2.

In further support of its Second Supplemental Response to Production Request No. 4, defendant submits the Declaration of David Emond, Supervisory Special Agent in Charge of the Criminal Intelligence and Analysis Section. Mr. Emond states:

> [the] Records Management staff conducted a database check of all reports from January 1, 1998 to March 2006 listed under Code Numbers 0630 (Theft of Government Property) and 2120 (Lost Government Property)... No reports relating to the loss or theft of a Government owned weapon by an FPS employee for the time period January 1998 to March 2006 were found as a result of this search. The search of the 9-year time period consumed approximately 8 man-hours over a 5-day period.

Decl. ¶ 3. In addition, the "[t]otal number of reports in the database for the period from 1998 to June 2006 is an estimated 60,000 reports. Thus, defendant submits that it has conducted an extensive search for the information requested in Request for Production No. 4 and found no responsive records. Accordingly, plaintiff's motion should be denied.

Respectfully submitted,

*Kenneth L. Wainstein*
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

*[signature]*
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

*Wymeva Johnson*
WYMEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
KATHARINE JOHNSON
Associate Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security