IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------
CHERYL DAVIS                         )
4507 Dallas Place,                   )
Temple Hills, #202,                  )
MD 20748                             )
        Plaintiff,                   )
                                     )
        v.                           )    Civil Action No. 05-1423 (HHK)
                                     )
MICHAEL CHERTOFF, SECRETARY          )
U.S. DEPT. OF HOMELAND SECURITY      )    August 23, 2006
Washington, DC 20528-5072            )
                                     )
        Defendant                    )
-----------------------------------------------
```

**FIRST AMENDED COMPLAINT**

JURISDICTION

1.      Plaintiff brings this action against her employer alleging violations of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et. seq., as amended.

2.      Jurisdiction of this Court is provided under 42 U.S.C. Secs. 2000e-16.

3.      Venue in this district is appropriate inasmuch as plaintiff was employed with

Defendant in this district and the acts of discrimination complained of all took place in this

district.

4.      Plaintiff is commencing this action within 90 days from when she received

her right to sue authorization and has otherwise exhausted her administrative processing

requirements.

1

## PARTIES

5. Plaintiff, Cheryl E. Davis, is a resident of the State of Maryland and is a U.S. citizen.

6. Michael Chertoff is the Secretary for the Department of Homeland Security. As such, he is responsible for administering the agency and preventing discrimination within its ranks. He is being sued only in his official capacity here.

## FACTS

7. Plaintiff is a 47 year old African American female.

8. Plaintiff is currently employed as a Criminal Investigator, GS-12, in the Federal Protective Services of the General Services Administration.

9. Plaintiff started working for Defendant in 1984. Plaintiff has performed her duties well and received good reviews and promotions.

10. On April 11, 2001, Plaintiff's government issued weapon was stolen from her car which was parked in front of her house. She promptly reported the theft to the Defendant. Defendant did not investigate the incident at that time. In July, 2002, some 13 months after the incident, Deputy Director Dean Hunter (Caucasian male) proposed that Plaintiff be issued a 30 day suspension for failing to properly secure her weapon in her residence. Plaintiff appealed from the proposed suspension, citing male coworkers who had their weapons lost or stolen were not disciplined at all or were only issued infraction write ups.

11. By memorandum dated July 25, 2002, Director Andre Jordan (African American), the deciding official on the proposed discipline, issued Plaintiff a 14 day suspension.

12. The guidelines cited in the Plaintiff's proposal to suspend were not written until January, 2002, eight months after the incident.

13.     Plaintiff timely filed an EEOC complaint alleging sex and race discrimination on September 6, 2002.

14.     On January 21, 2003, Davis was accused of improperly accessing private and confidential information related to others. Plaintiff accessed personnel information through her computer and showed other employees how to access these files. She had no notice that there was anything improper in doing so because normally confidential personnel information cannot be accessed.

15.     Plaintiff was reassigned to administrative duties in another building and asked not to have any contact with investigative case files or conduct any investigations or interviews. After being reassigned, Plaintiff had no access to a computer, her government e-mail account was closed, her government car was taken away and she was placed in an undesirable office with extreme temperatures. The phone number assigned to Plaintiff in her new office was actually for a phone line located in a different office and for 2 months she could not receive calls because when people called her on the number assigned to her, the phone rang in a different office.

16.     Defendant's isolation and discipline of Plaintiff were in retaliation for Plaintiff filing an EEO complaint because other employees accessed the same information but were not disciplined. Besides, there are no established policies that mandate disciplinary actions for accessing disciplinary actions.

17.     On January 16, 2003, Defendant questioned Davis' co-worker Ira Johnson and accused Johnson of assisting Davis in running a personal errand. Johnson told Blocker that he did not assist Davis in a personal errand.  Defendant threatened Johnson with an IG investigation if he found that Johnson gave her a ride.

18.     Defendant asked Johnson not to ride with Davis when they were on investigations. Johnson subsequently did not give Plaintiff rides for official business.

CLAIM

I.  RETALIATION FOR FILING AN EEO COMPLAINT:

Ms. Davis filed an EEO complaint for sex and race discrimination when the Agency suspended her for 14 days for losing her government issued weapon based on her reasonable belief at the time that the Agency did not discipline three male employees who lost their weapons prior to Ms. Davis. Plaintiff submits that the Agency retaliated against her when four months after she filed an EEO complaint, the Agency cited her for accessing confidential personnel information and reassigned her to a less desirable area and relieved her of her case processing duties. Her coworkers who accessed the very same information were not even cited for the incident and the difference in treatment was motivated by management's animosity toward Plaintiff because of her filing the prior EEO complaint.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court to grant her the following relief:

1.  Direct the Agency to remove any reference to Plaintiff being cited for improperly accessing personnel information and to being reassigned as discipline for having done so.

2.  Direct the Defendant to compensate Plaintiff for pain and suffering damages arising from Defendant's discrimination against her;

3.  Direct that Plaintiff be awarded pre and post judgment interest on the amounts determined to be owed to her;

4.  Direct that Plaintiff be reimbursed for all costs she incurred in having to bring this action to secure her rights to be free from discrimination in her workplace and to pay

her attorneys reasonable fees;

5.      Direct such other relief that this court might deem necessary to remedy the injuries caused plaintiff because of discrimination.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury with regard to all issues to which she is entitled to a trial by jury under law.

        Respectfully Submitted,
        The Plaintiff, Cheryl Davis


        By__/s/_____
        James L. Kestell
        D.C. Bar # 955310
        Jonathan L. Gould
        DC Bar #491052
        Bianca Karim
        DC Bar #497834
        Kestell and Associates
        1012 14th Street, NW, Suite 630
        Washington, DC 20005
        Tel. 202-347-0990
        Fax 202-347-4482
        Email: bianca_karim@yahoo.com
        Attorneys for the Plaintiff