U.S. Department of Homeland Security
Bureau of Immigration and Customs Enforcement
Federal Protective Service
*National Capital Region*

Southeast Federal Center, Bldg 74
3rd & M Streets, SE
Washington, DC 20407    Tele: 202-690-9632

**ACKNOWLEDGMENT COPY**

MEMORANDUM FOR JAMES R. BRIGHT
                            POLICE OFFICER
                            FEDERAL PROTECTIVE SERVICE
                            NATIONAL CAPITAL REGION
                            IMMIGRATION & CUSTOMS ENFORCEMENT
                            U.S. DEPARTMENT OF HOMELAND SECURITY

FROM:                LIEUTENANT COLONEL WELLINGTON WATERS
                           ACTING DIRECTOR, CENTRAL DISTRICT
                           FEDERAL PROTECTIVE SERVICE
                           NATIONAL CAPITAL REGION
                           IMMIGRATION & CUSTOMS ENFORCEMENT
                           U.S. DEPARTMENT OF HOMELAND SECURITY

SUBJECT:          Proposed Suspension

This memorandum constitutes notice that to promote the efficiency of the service, I propose to suspend you from your position as a Federal Protective Officer, GS-083-7, Federal Protective Service, Immigration and Customs Enforcement, U.S. Department of Homeland Security for fourteen (14) calendar days no earlier than 30 calendar days from your receipt of this notice. This proposal is based on the following charge and specifications:

**CHARGE: CONDUCT UNBECOMING A POLICE OFFICER**

**Specification 1:** On or about October 1, 2002, while speaking on the telephone with Ms. Renee Wallace, you stated to her that "if she hurt you emotionally like she did before, you were afraid of what you might do to her", or words to that effect. Ms. Wallace felt threatened by your remark. She interpreted your remark as a serious threat of physical harm to her and her unborn child. She complained to Chief Earl Boyd about your threatening remark on October 4, 2002. On October 4, 2002, Ms. Wallace also petitioned the District Court of Maryland for Prince George's County for and received an ExParte Temporary Peace Order (Case Number SP-2126-02). The Temporary Peace Order stated that the Court found reasonable grounds to believe that you had placed Ms. Wallace in fear of imminent serious bodily harm, by the threat of bodily harm and that you were likely to commit a prohibited act against her in the future. On October 11, 2002 a hearing


PLAINTIFF'S EXHIBIT 4

- 2 -

was held and you consented to the entry of a Peace Order without a finding of fact. The Peace Order was effective until March 11, 2003 and directed you not to commit or threaten Ms. Wallace with acts of bodily harm, not to contact or attempt to contact her, and not to harass Ms. Wallace. It further directed you to stay away from Ms. Wallace's place of employment or residence.

**Specification 2:** On or about March 13, 2002, while at your residence, you pushed Ms. Wallace, who then stumbled backwards and tripped over the curb falling to the ground. Ms. Wallace was not injured during the fall. Ms. Wallace also claimed that you punched her in the eye and kicked her. Officer Patterson of the Prince George's County Police Department (PGCPD) responded to the scene. According to Officer Patterson, the PGCPD typically notifies the employing agency of the incident; however, PGCPD did not notify the Federal Protective Service after you stated that you would notify your supervisor of the incident. You did not notify your supervisor of the incident, as you represented.

**Specification 3:** On or about June 15, 2002, at approximately 10 p.m., you arrived at Ms. Wallace's residence in uniform, without invitation or warning. You were upset because you thought that Ms. Wallace was calling your job. Ms. Wallace denied that she was the caller. Ms. Wallace asked you repeatedly to leave before you complied.

**Specification 4:** On several occasions, from on or about April 1, 2001 until on or about October 7, 2002, while involved in a relationship with Ms. Jenee Wallace, you visited her at her residence in uniform, while driving a Federal Protective Service (FPS) police vehicle. You also gave Ms. Wallace a ride in a police vehicle to the Ronald Reagan building.

In proposing this action, I considered the evidence of record, including the contents of a Federal Protective Service, Criminal Investigations Section, Report of Investigation, dated April 9, 2003, and a summary of an interview with Officer Patterson of the PGCPD on April 28, 2003.

I considered the following Douglas factors as aggravating: your status as a police officer and the fact that you were on notice of the impropriety of such conduct. As a police officer in a Moderate risk public trust position, you are responsible for protecting others and for safeguarding government property. Your misconduct is in direct contravention of your duties and has eroded my confidence in your ability to perform your duties. Furthermore, you received a proposed removal on April 24, 2002, in which you were warned of the impropriety of being involved in verbal and physical confrontations, especially while in uniform and on duty, and of using a government vehicle for unofficial purposes.

3

The procedures governing this action, as well as the rights extended to you are set forth in 5 CFR, Part 752, Subpart D, Sec. 752.401-406 and the National Bargaining Agreement between General Services Administration and the American Federation of Government Employees.

You have the right to be represented during these proceedings by any person of your choice, or you may represent yourself. You must designate your representative in writing, to the deciding official named below before he/she can represent you.

From the date you receive this letter, you will be allowed **fifteen (15) calendar days** to reply. Your reply may be made in person, in writing, or both. You may also submit affidavits or other evidence in support of your reply. Full consideration will be given to any reply or affidavits you submit. Your written reply should be made to the following person, or to the official who may be acting in his capacity at the address below:

> Wem Hunter ~~Joseph Trindal~~
> Deputy Director
> Federal Protective Service
> Bureau of Immigration & Customs Enforcement
> U.S. Department of Homeland Security
> Southeast Federal Center
> 3rd & M Streets., S.E. (Building 74)
> Washington, DC  20407

If you wish to make a personal reply, you may do so by calling (202) 690-9632 to schedule an appointment. If you do not reply within fifteen (15) calendar day period allowed, the deciding official will make a decision based on the evidence now available.

During the reply period, you will be considered in an active duty status. You are entitled to arrange with your supervisor, for a reasonable amount of official time to prepare your reply, to secure affidavits, or other documents and to review the material on file that support the reasons for the proposed suspension.

As soon as possible after your reply, or after fifteen (15) calendar days from receipt of this notice, if you do not reply, a written decision will be issued to either 1) take the proposed action, 2) lessen the proposed penalty, or 3) not to take the proposed action. The decision will be based on careful consideration of the evidence of record, your written and/or oral replies, if any to this notice.

If you would like to review the material on file that supports the reasons for the proposed suspension or if you have any questions regarding your rights or the procedures involved in proposing this action, you may contact Ms. Patricia Evans of the Labor and Employee Relations Branch, Human Resources Division at (202) 708-5321.

If you need additional time to reply, you may contact Ms. Patricia Evans or Mr. Joseph Trindal, whose phone numbers and addresses are listed above.

**Acknowledgment of Receipt:**

_James R. Bright Jr._ (signature)    11/14/03
James R. Bright                       Date

**ACKNOWLEDGMENT COPY**

U.S. Department of Homeland Security
Bureau of Immigration and Customs Enforcement
Federal Protective Service
*National Capital Region*

*Southeast Federal Center, Bldg 74*
*3rd & M Streets, SE*
*Washington, DC 20407    Tele: 202-690-9632*

MEMORANDUM FOR   JAMES R. BRIGHT
                           POLICE OFFICER
                           FEDERAL PROTECTIVE SERVICE
                           IMMIGRATION & CUSTOMS ENFORCEMENT
                           U.S. DEPARTMENT OF HOMELAND SECURITY

FROM:   DEAN S. HUNTER
            DEPUTY DIRECTOR
            FEDERAL PROTECTIVE SERVICE
            IMMIGRATION & CUSTOMS ENFORCEMENT
            U.S. DEPARTMENT OF HOMELAND SECURITY

SUBJECT:   Notice of Final Decision

This refers to the previous notice issued to you on November 14, 2003, in which we proposed to suspend you from duty and pay for a period not to exceed 14 calender days.

Your personal and written responses were received on December 8, 2003. After careful consideration of the proposal letter, your responses and the evidence on record, I have determined that specification 1 of the charge of conduct unbecoming a police officer is sustained and is in direct contravention of your duties. Specifications 2, 3 and 4 cannot be sustained. Therefore, a lesser penalty will be imposed and you will be suspended from duty and pay for 5 working days. You are hereby advised that you will be suspended from duty and pay for five (5) days effective **January 9 through 13, 2004**. You are to return to duty on your next scheduled workday, which will be Friday, January 16, 2004.

You have the right to contest this action through the grievance procedures contained in the National Agreement between the General Services Administration and the American Federation of Government Employees. For further information about these procedures, you may contact your union representative, or Patricia Evans in the Employee and Labor Relations Branch on (202) 708-5321.

I ACKNOWLEDGE RECEIPT  *James R. Bright Jr.*   12/19/03

Mr. Joseph Trindal,

The allegations outlined in the memo of a proposed work suspension against me dated November 14, 2003 authorized by Lt. Col. Waters, DHS/FPS amount to an exaggerated assertion of the truth. They convey an inaccurate and distorted account of the truth. The effect is both lopsided and an exercise in wrongful character assassination.

Also due to a blatant omission of relevant facts and apparent exculpatory evidence, ignored in this case by FPS investagations, a final outcome not consistent with due process and justice is highly likely here. Past encounters along FPS discipline lines tend to increasingly support the notion of a presumption of guilt - not innocence - as it has applied to me in this agency. Not only have the parties involved not been interviewed, but also the evidence provided by me was never considered in my case. These facts would have been more than enough to clear my name.

This incomplete investigation has had an adverse effect that makes it very difficult for an individual to recover from. In my particular case, it has not allowed me to further advance my FPS career. Some examples of this are; (1) not receiving the preformance awards bonus that all officers had receive, (2) not being considered for the Canine handler position, (3) my removal from the ERT team that allowed me to travel, (4) not receiving the $3500.00 bonus for all officers who worked during the 911 tradegies, (5) not able to particpate in the tryouts for the SRT Teams, not being able to become a member of the Honorguard Squad of FPS and also having lost the respect and confidence from my co-workers that are essential in this career field.

In short, I believe that I am being punished for an alleged accusation that is untrue. I am asking that this situation be reslved fairly and quickly and that I can return to duty with the full confidence and respect of my supervisors and co-workers.

Sincerely,

*James R. Bright Jr.*
James R. Bright Jr.
Department of Homeland Security
Federal Protective Service