IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| CHERYL DAVIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 05-1423 (HHK) |
| | ) |
| MICHAEL CHERTOFF, SECRETARY | ) |
| U.S. DEPT. OF HOMELAND SECURITY | ) October 24, 2006 |
| | ) |
| | ) |
| Defendant. | ) |

---

### PLAINTIFF'S NOTICE TO THE COURT OF RECENT COURT OF APPEALS DECISION

The plaintiff in the above referenced matter, Ms. Cheryl Davis, hereby directs the Court's attention to a recent case decided by the District of Columbia Court of Appeals, Velikonja v. Gonzales, --- F.3d ----, 2006 WL 2946379 (D.C., Cir. 2006)(copy attached). Velikonja decided issues that are similar to those presented to the Court in this case by the defendant's motion to dismiss and/or for summary judgment and the plaintiff's opposition. However, neither party was able to cite Velikonja in their memoranda of law because the case was not decided until October 17, 2006.

Velikonj supports Ms. Davis' argument that defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1964, when it referred her for investigation to the Office of Inspector General, reassigned her to administrative duties for five months, refused her overtime and issued her a letter of warning. In Velikonja, the Court, citing Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405, 2410-1 (2006), specifically concluded that the defendant's decision to subject

1

Ms. Velikonja to a lengthy investigation by the Office of Professional Responsibility after she filed a charge of discrimination effectively prevented her from obtaining "career-enhancing assignments." The Court concluded that the prospect of such an investigation "could dissuade a reasonable employee from making or supporting a claim of discrimination" and was therefore, sufficient to establish a prima facie case of retaliation. Similarly, a reasonable jury would conclude that Ms. Davis has established a prima facie case of retaliation. A five month investigation of an investigator while she is stripped of all career-enhancing assignments and assigned to administrative duties in a building away from other investigators, would dissuade a reasonable employee from making a claim of discrimination.

For these reasons, the Court's holding on the retaliation claim in <u>Velikonja v. Gonzales</u>, contradicts the defendant's arguments to dismiss this case or to grant it summary judgment and is wholly supportive of Ms. Davis' opposition to these arguments.

                    Respectfully Submitted,
                    FOR THE PLAINTIFF
                    CHERYL DAVIS,

By: _____/s/ Bianca Karim_____
      Bianca Karim
      DC Bar # 497834
      Jonathan L. Gould
      DC Bar # 491052
      KESTELL & ASSOCIATES
      1012 14TH Street, NW, Suite 630
      Washington, DC 20005
      (202) 347-3889
      (202) 347-4481
      email jgould@igc.org