# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued September 12, 2006      Decided October 17, 2006

No. 05-5030

MARIA VELIKONJA,
APPELLANT

v.

ALBERTO GONZALES, IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL,
APPELLEE

---

Consolidated with
05-5303

---

Appeals from the United States District Court
for the District of Columbia
(No. 03cv00832)
(No. 04cv01001)

---

*John F. Karl, Jr.* argued the cause and filed the briefs for appellant.

*Charles W. Scarborough*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Peter D. Keisler*, Assistant Attorney General, *Kenneth L. Wainstein*, U.S. Attorney, and *Marleigh D. Dover*, Attorney.

2

Before: TATEL and BROWN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the court filed *Per Curiam*.

PER CURIAM: This case arises from a pair of disciplinary investigations launched by the FBI's Office of Professional Responsibility (OPR) against former FBI employee Maria Velikonja. The OPR investigated claims made by Velikonja's supervisor that she had repeatedly falsified arrival times on her time sheets. Ms. Velikonja brought suit alleging that the level of scrutiny to which she was subjected, the unusual delay of the proceedings, and the severity of the penalty imposed on her were all undertaken for either discriminatory or retaliatory reasons in violation of Title VII of the Civil Rights Act of 1964. Velikonja also alleged that the government violated the Privacy Act, the Due Process Clause, and the First Amendment. The district court held for the government on each issue. *Velikonja v. Mueller*, 315 F. Supp. 2d 66 (D.D.C. 2004); *Velikonja v. Mueller*, 362 F. Supp. 2d 1 (D.D.C. 2004); *Velikonja v. Gonzales*, No. 04-1001, slip op. (D.D.C. June 30, 2005).

We reverse the District Court's dismissal of Count I of Velikonja's first complaint. In Count I, Velikonja alleged that the second time the FBI referred her to the OPR it did so for discriminatory and retaliatory reasons. The government argues that Velikonja's discrimination claim fails because mere investigation by a disciplinary body cannot constitute an adverse employment action. *See Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999). We need not decide that issue, however, because Velikonja has alleged that "FBI officials referred [her] to OPR in order to prevent [her] from receiving promotions until the OPR complaints are finally resolved." 1st Am. Compl. ¶ 46. And, at oral argument, the government conceded that preventing an employee from receiving a promotion constitutes an adverse

3

employment action. *See Stewart v. Ashcroft*, 352 F.3d 422, 427 (D.C. Cir. 2003); *Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000). Therefore, this claim survives a motion to dismiss and we are constrained to remand for further consideration by the District Court.

Count I of Velikonja's first complaint also alleges retaliation in violation of Title VII. The District Court's decision, however, was issued before *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405 (2006). There, the Supreme Court held that a Title VII plaintiff need not allege an adverse employment action to state a claim for retaliation, but rather must show that the employer's actions are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* at 2409. Velikonja alleges–allegations that we must accept as true at this stage of the litigation, *Rochon v. Gonzales*, 438 F.3d 1211, 1216 (D.C. Cir. 2006)–that she was subject to a lengthy investigation, that she was prevented from receiving promotions during the pendency of the investigation, and that "the FBI has placed a cloud over [her] career, which effectively prevents her from obtaining other career-enhancing assignments for which she is highly qualified." 1st Am. Compl. ¶ 40. Because a reasonable jury could find that the prospect of such an investigation could dissuade a reasonable employee from making or supporting a charge of discrimination, we reverse the dismissal of Velikonja's retaliation claim and remand for further consideration by the District Court.

In all other respects, we affirm for the reasons given in the District Court's thorough and well-reasoned opinions. Specifically, the District Court correctly granted summary judgment as to Counts II and III of Velikonja's first complaint. Velikonja failed to introduce evidence showing that OPR resolves comparable investigations of male employees more

4

quickly than it did hers or that the OPR's non-discriminatory explanations for the length of the investigation and the severity of the penalty were pretextual. *Velikonja v. Mueller*, 362 F. Supp. 2d 1, 8-13 (D.D.C. 2004). The District Court properly granted summary judgment on Velikonja's First Amendment retaliation claim, Count V of her first complaint, because Velikonja introduced no evidence establishing a causal link between her speech and the government's actions against her. *Velikonja*, 362 F. Supp. 2d at 24. Moreover, even if there were such a link, Velikonja's claim to money damages would be barred by the principle of sovereign immunity. *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984). The District Court correctly granted summary judgment on Velikonja's Privacy Act claim, Count VI of her first complaint. *Id.* at 13-23. Among other deficiencies, Velikonja failed to introduce evidence showing that any alleged violations of the Privacy Act were "intentional or willful." 5 U.S.C. § 552a(g)(4); *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). Finally, the District Court correctly dismissed Velikonja's constructive discharge claim, Count II of her second complaint, which similarly lacks merit. *Velikonja v. Gonzales*, No. 04-1001, slip op. at *7-12 (D.D.C. June 30, 2005).

*So ordered.*