

EXHIBIT 37

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1423 (HHK) |
| ) | |
| MICHAEL CHERTOFF, SECRETARY, ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1**: Explain in detail how you calculated the damages set forth in your response to Interrogatory No. 5 of Defendant's First Set of Interrogatories and the manner in which the damages were caused by the conduct of defendant.

**ANSWER**: Ms. Davis is seeking reimbursement for $3000 which she lost from the suspension. She is seeking overtime losses of $31,580 from 2003 and 2004 when she was reassigned out of her position for having accessed personnel data and was not permitted to perform her investigative duties. She is seeking $500 for loss of use of government vehicle for a period of 5 months. That make whole amount is approximately $35,000. She wants compensatory damages of an equal amount, which brings her total to $70,000. She wants reimbursement for fees and costs.

**INTERROGATORY NO. 2**: State whether during the past 10 years, you have experienced marital problems or divorce, death or serious illness of a family member or close friend, bankruptcy, financial problems, tax problems, alcohol or drug abuse, or an automobile or other serious accident in which you or a family member sustained physical or emotional injury.

**ANSWER**: In 1997, Ms. Davis and her ex-husband separated and subsequently filed for divorce.

Davis was in an auto accident in August 2003. In December 2005, Ms. Davis' father passed. In June 2005, Ms. Davis' mother had quadruple bi-pass surgery.

**INTERROGATORY NO. 3:** If you allege that the defendant violated any policies, procedures, or regulations with respect to the actions at issue in your complaint, please describe such policies, procedures or regulations and how they were violated.

ANSWER: The Agency violated GSA Order OAD-P-5410.1. Under the Order, disciplinary action should be "consistent with the principle of like penalties for like offenses, with due consideration for the employee's past record and any other circumstances that, in the exercise of reasonable judgment, detract from or add to the seriousness of the offense." Male co-workers who lost or misplaced their weapons were not disciplined. The Agency failed to take into consideration that Ms. Davis' weapon was stolen from her car one time in her 13 years of service.

The GSA Order also states that when employees "violate the rules, regulations or standards of conduct, they will be dealt with promptly and adequately, on a fair and equitable basis." Ms. Davis received a record of infraction 13 months after April 11, 2001 incident and a proposal of suspension 15 months after the incident. Male co-worker Jerry McGill was not disciplined for a DWI in a government vehicle because of a lapse of 9 months.

The GSA Order requires that the penalty of suspension should "normally be imposed only after counseling or written notices or official reprimands have proven ineffective or when the offense is so serious that more stringtent corrective action is necessary." The Agency had the option of issuing Ms. Davis a reprimand even if they wanted to discipline her for an infraction that her male co-workers were not disciplined for but they chose to propose her for a 30 day suspension and enforced a 14 day suspension when they failed to act on the incident for an

2

extended period of time.

The Order requires that in determining which penalty is most appropriate, the Agency should take into account whether the "offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated." Agency should also take into account the employee's past disciplinary record. Agency did not take into account that Ms. Davis inadvertently lost her weapon one time during her employment with the Agency.

The operational guidelines cited in the proposal to suspend Ms. Davis were not written until January, 2002, 8 months after the incident.

The Agency also failed to safeguard information as required under the Program Overview for the GSA Privacy Act Program. The Program states that each system manager must set up technical, administrative and physical security measures for processing, storing, transmitting and disposing of personal information. Under the GSA Privacy Act & Procedure Guide states under the Standards of Conduct that "GSA employees have a duty to protect the security of personal information by avoiding any unauthorized disclosure, verbal or written, of records." However, the personnel information that Ms. Davis and several other employees accessed was not protected, giving Ms. Davis no notice that the information was confidential.

**INTERROGATORY NO. 4**: Please describe all prior protected activity in which you engaged, to include dates, nature of prior activity, nature of allegations, and alleged discriminating officials.

ANSWER: Around 1994, Ms. Davis filed a sexual harassment and retaliation EEO complaint against General Services Administration with the Agency against Leonard Hernandez and Larry Phelps. Her complaint was processed in 1997.

3

**INTERROGATORY NO. 5**: Please state which employees were treated more favorably than you with respect to the allegations in your complaint, how they were treated more favorably, and how they are similarly situated to you.

**ANSWER:** Male employees who had their weapons stolen or lost were not given a letter of infraction. Employee Larry Phelps had a loaded gun in his jacket when he was at the gym and noticed it was missing when he went home. Russell Malloy had his service weapon stolen from his minivan parked at home. Andrew Hockett's weapon was stolen from his dresser drawer where it was improperly stored. Anderson Wright failed to properly safeguard and control a weapon in the evidence inventory and failed to initiate the appropriate paperwork to establish a chain of custody for the weapon for investigation and litigation purposes as required under Agency regulations. The male employees were not disciplined even though these were reported incidents.

On Jan 21, 2003, Davis was accused of improperly accessing private and confidential information related to others, subjected to an IG investigation, and reassigned to a less desirable work area (Bldg 202) without a computer. Ms. Davis had her vehicle taken away, was required to use her own car and gas, and was denied overtime in her position. 5 other employees accessed the same information but were not disciplined.

Around 1997, male investigator Jerry McGill was convicted of a DWI while driving a government vehicle. In 2004, he was found driving a government vehicle for personal purposes while he had a serious accident. Mr. McGill was never stripped of the right to use his government vehicle for work. However, Ms. Davis was stripped of her vehicle and not allowed to ride in any government vehicle her co-workers drove, pending investigation of whether she viewed confidential information.

Respectfully submitted,

*/s/ James L. Kestell*

James L. Kestell D.C. Bar # 955310
Jonathan Gould D.C. Bar # 491052
Kestell & Associates
1012 14th Street, N.W, Suite 630
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this ____ day of May, 2006, a true and correct copy of the foregoing Plaintiff's Response to Defendant's Second Set of Interrogatories has been sent via first class mail to:

Wyneva Johnson, D.C. Bar #278515
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

*/s/ James L. Kestell*

James L. Kestell D.C. Bar # 955310
Jonathan Gould D.C. Bar # 491052
Kestell & Associates
1012 14th Street, N.W., Suite 630
Washington, D.C. 20005 20005