
EXHIBIT 38

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1423 (HHK) |
| ) | |
| MICHAEL CHERTOFF, SECRETARY, ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST 1**: Please produce each and every document identified in your response to defendant's First Set of Interrogatories and label them to indicate the Interrogatory or Interrogatories to which the documents relate.

ANSWER: See Attachment 3. See also ROI Exh. No. 1, formal complaints of discrimination dated September 6, 2002 and March 3, 2003; ROI Exh. No. 2 (a), Federal Protective Service Operational Guidelines excerpts related to storage of firearms, dated January 2002, GSA Order OAD 5410.10.1, dated April 2000, regarding maintaining discipline and excerpts from GSA/NCR Disciplinary Desk Guide and Table I of the GSA Penalty Guide; ROI Exh. No. 2 (b), GSA guidelines governing authorized access to computer information; ROI Exh. No. 5, Plaintiff's Affidavit; ROI Exh. No. 17, packet of suspension for complainant; ROI Exh. No. 18, relating to overtime hours; ROI Exh. No. 26 and 27, GSA Privacy Act guidelines and ROI Exh. No. 45, regulations governing overtime.

**DOCUMENT REQUEST 2**: Please produce each and every document prepared by Plaintiff which relates or refers to the incident, conduct or work environment giving rise to her claims, including, but not limited to all incident reports of employees who lost their weapons, any and all handwritten or typed notes, dairies, logs, letters, memoranda and other documents, regardless of when such documents were prepared.

ANSWER: See Attachment 1.

**DOCUMENT REQUEST 3**: Please produce each and every document provided to each person who is acting or has acted as consultant, treating physician, treating health case provider, or expert on Plaintiff's behalf regarding the claims upon which this action is based, or, who will testify as an expert at trial.

ANSWER: Plaintiff has not provided any documents to any individuals listed above.

**DOCUMENT REQUEST 4**: Please produce each and every document you intend to use as exhibits at the trial in this matter.

ANSWER: See Attachment 1, 2 and 3. See also ROI Exh. No. 1, formal complaints of discrimination dated September 6, 2002 and March 3, 2003; ROI Exh. No. 2 (a), Federal Protective Service Operational Guidelines excerpts related to storage of firearms, dated January 2002, GSA Order OAD 5410.10.1, dated April 2000 regarding maintaining discipline and excerpts from GSA/NCR Disciplinary Desk Guide and Table I of the GSA Penalty Guide; ROI Exh. No. 2 (b), GSA guidelines governing authorized access to computer information; ROI Exh. No. 5, Plaintiff's affidavit and other affidavits ; ROI Exh. No. 17, packet of suspension for complainant; ROI Exh. No. 18, relating to overtime hours; ROI Exh. No. 26 and 27, GSA Privacy Act guidelines and ROI Exh. No. 45, regulations governing overtime.

**DOCUMENT REQUEST 5**: Please produce each and every document that substantiates the allegations contained in the complaint and indicate to which paragraph in the Complaint the documents relate.

ANSWER: See Attachment 1 and 3.

For documents substantiating paragraph I of the Claims section of the Complaint see ROI Exh. No. 1, formal complaints of discrimination dated September 6, 2002 and March 3, 2003; ROI Exh. No. 2 (a), Federal Protective Service Operational Guidelines excerpts related to storage of firearms, dated January 2002, GSA Order OAD 5410.10.1, dated April 2000 regarding maintaining discipline and excerpts from GSA/NCR Disciplinary Desk Guide and Table I of the GSA Penalty Guide; ROI Exh. No. 17, packet of suspension for complainant; ROI Exh. No. 18, relating to overtime hours and ROI Exh. No. 45, regulations governing overtime.

For documents substantiating paragraph I of the Claims section of the Complaint see ROI Exh. No. 2 (b), GSA guidelines governing authorized access to computer information; ROI Exh. No. 5, Plaintiff's Affidavit and No. 26 and 27, GSA Privacy Act guidelines.

**DOCUMENT REQUEST 6**: Please produce each and every document relevant to any claim raised in your complaint that has not been produced in response to requests Nos. 1 through 5, above.

ANSWER: Plaintiff has no other documents.

**DOCUMENT REQUEST 7**: Please produce copies of any and all written statements, and transcripts of recorded statements, from any person with knowledge of the issues raised in your Complaint.

ANSWER: Plaintiff has no such documents other than the ones provided in the ROI.

**DOCUMENT REQUEST 8**: Please produce any and all documents which support your claim for damages.

ANSWER: See Attachment 3.

**DOCUMENT REQUEST 9**: Please produce any and all documents prepared by or provided by any and all health care providers identified in your Answers to interrogatory Nos. 12, 13, 14 and 15.

ANSWER: See Attachment 3.

**DOCUMENT REQUEST 10**: Please produce copies of all reports and curriculum vitae from any experts you intend to call at a hearing in this case.

ANSWER: Complainant intends to call her treating physicians, but Complainant will call them as facts witnesses to substantiate her pain and suffering as opposed to expert witnesses.

**DOCUMENT REQUEST 11**: Please produce copies of all statements from witnesses you expect to call at the trial in this case.

ANSWER: Plaintiff has no such documents.

**DOCUMENT REQUEST 12**: Please produce copies of your Federal Income tax returns for the years 2001-2005.

ANSWER: See Attachment 3.

**DOCUMENT REQUEST 13**: Please sign the enclosed medical and financial records release authorization forms and return them to counsel for defendant.

ANSWER: See Attachment 4. Plaintiff objects to signing a release for her medical records that do not relate to her damages, on the grounds of privacy. See Attachment 3 for medical documents for the relevant period of time.

4

Respectfully submitted,

*James L. Kestell*
James L. Kestell D.C. Bar # 955310
Jonathan Gould D.C. Bar # 491052
Kestell & Associates
1012 14th Street, N.W., Suite 630
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of May, 2006, a true and correct copy of the foregoing Plaintiff's Response to Defendant's First Set of Requests for Production of Documents has been sent via first class mail to:

Wyneva Johnson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

*James L. Kestell*
James L. Kestell D.C. Bar # 955310
Jonathan Gould D.C. Bar # 491052
Kestell & Associates
1012 14th Street, N.W., Suite 630
Washington, D.C. 20005