UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, SECRETARY, )<br>U.S. DEPARTMENT OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1423 (HHK)<br><br><br>November 10, 2006 |

**PLAINTIFF'S UNOPPOSED MOTION
REQUESTING LEAVE OF COURT FOR PERMISSION TO FILE A SURREPLY
MEMORANDUM OF LAW AND SUPPORTING DOCUMENTS**

Cheryl Davis, the plaintiff in the above matter, (hereinafter Ms. Davis or the plaintiff), by her counsel, hereby moves for leave of Court granting her permission to file a surreply brief to the defendant's brief in reply to the defendant's motion to dismiss and/or for summary judgment filed on November 3, 2006. The plaintiff suggests that the Court order the filing of this brief within 11 days of its ruling on this motion. Although the filing of a surreply a brief is not specifically addressed in the Local Rules of Civil Procedure, for the following reasons, the Court should exercise its discretion and grant the plaintiff leave to file such a brief.

The defendant's reply brief was over 22 pages and more than three pages longer that is initial brief in support of its motions. Not surprisingly, the reply brief raised a number of legal and factual issues that the defendant did not specifically addressed in its initial brief but which were raised by the plaintiff in her reply brief.

Further, the plaintiff intends to limit her brief to issues raised in that reply brief that were not supported by the defendant's citations in the record, for which there were legitimate factual

disputes in the record or for which legitimate inferences may be drawn in the plaintiff favor based on these disputed facts. Interpreting these disputes in Ms. Davis' favor, as the Court must do in deciding a summary judgment motion, would support the fact that she has a prima facie case of retaliation and that the defendant's reasons for taking the actions against her were pretexts for retaliation. The disputed issues that Ms. Davis intends to discuss in her surreply brief include the following:

1. There is a legitimate dispute as to the reasons why defendant disciplined Ms. Davis. A reasonable interpretation of Ms. Davis' letter of warning states that Davis was disciplined for *both* unauthorized disclosure of official information *and* by the fact that she accessed the K drive. (See p.3 of the defendant's reply brief and Def. Ex. 17).

2. Contrary to the defendant's arguments, (Def.'s Reply Brief., p. 20-22), there is a legitimate dispute that the computers of Davis' co-employees, Malcolm Weeks and Alison Poore were not examined by a computer specialist, even though Weeks and Poore both conceded to accessing the same information on their computer as Davis accessed. (See Def. Ex. 13). From this disputed fact, the Court could draw an inference that Weeks and Poore were similarly situated yet treated less harshly than Ms. Davis.

3. There is a legitimate dispute as to whether Ms. Poore was similarly situated even though she had filed an EEO against Mr. Blocker a few years prior to Ms. Davis' reassignment in January 2003. (See Reply Brief, p. 16 and Exs. 23-25). Ms. Davis has personal knowledge and intends to file a declaration that Ms. Poore did

experience retaliation because she was the only investigator in the office who was not promoted in January 2003, which caused her to be upset. Poore was also subsequently investigated for leave violations in 2003 and proposed for termination in 2004.

4. The defendant cannot legitimately claim that Ms. Davis admitted viewing other employee disciplinary records. (See Reply Brief, p. 4). In fact, contrary to the defendant's contentions she does not state in her deposition (Exhibit 8, p. 67:1-25), that she viewed disciplinary actions of co-workers. She only states that the records were generally there in the files she discovered she could access. Further, the OIG did not find she viewed the information. (Ex. 13). Even Blocker does not claim as much. (Ex. 17).

5. There is nothing in the record that supports the defendant's claim that Ms. Davis "copied" any personnel information. (See pp. 20-22 of Reply Brief). The record merely shows that Ms. Davis accessed information in the "K" drive and that her computer showed a trace of the access on her user drive as it does with any access. She did not download or otherwise copy any other part of these records to any part of her personal computer or the defendant's network as the defendant's arguments imply.

6. Contrary to the defendant's contention, the facts are highly disputed as to whether Ms. Davis was secretive about the fact that she had authorized access to the information on her "K" drive. Even the defendant's description of Ms. Davis' conduct, in which it claims she publicly displayed the information, does not support the claim that she tried to hide this fact. (See Reply Brief, p. 19).

7. Ms. Davis has evidence from which the Court may draw an inference that her re-assignment while she was under investigation denied her career opportunities. (See discussion in Reply Brief, p. 15). In fact, she intends to file a supplemental declaration that she missed out on a promotion the next year because her investigative duties were removed during the re-assignment. Anderson, another male officer who received a promotion to GS-12 with her in 2002, was promoted in 2004.

8. Contrary to the defendant's contention, the record did support an inference that Ms. Davis' lost overtime assignments during her re-assignment and thus some monetary loss. (Reply Brief, pp. 6-9). This is true even though there may be some disputes about the precise amount of her loss.

Plaintiff's counsel has discussed the filing of this motion with the defendant's counsel. She has indicated she has no objection should the Court grant the plaintiff leave to file a surreply brief.

For the foregoing reasons, the plaintiff requests that the Court grant the motion and order that she may file her surreply brief within 11 days of its ruling on the motion.

Respectfully submitted,
FOR PLAINTIFF,

 /s/ Jonathan L. Gould
Jonathan L. Gould D.C Bar # 491052
Kestell & Associates
1012 14th Street, NW, Suite 630
Washington, DC 20004
202 347-3889  202 347-4482
email jgould@igc.org