IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHERYL DAVIS,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil Action No. 05-1423 (HHK) |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY**, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION REQUESTING LEAVE OF COURT FOR PERMISSION
TO FILE A SURREPLY MEMORANDUM OF LAW AND SUPPORTING DOCUMENTS**

Defendant, Michael Chertoff, Secretary of the Department of Homeland Security, by his undersigned attorneys, submits this Opposition to Plaintiff's Motion Requesting Leave of Court for Permission to File a Surreply Memorandum of Law and Supporting Documents. As set forth in Plaintiff's Errata, dated November 13, 2006, the Defendant did not consent to the filing of a surreply by Plaintiff. Thus, the November 13, 2006 order granting the Plaintiff's Motion to file a surreply should be cancelled and the Defendant's Opposition thereto fully considered.

Plaintiff states in her motion that neither the Rules of the United States District Court for the District of Columbia nor the Federal Rules of Civil Procedure permit the filing of a surreply by the non-moving party. In addition, the Plaintiff has not cited to any authority which permits the filing of a surreply in this case.

The Plaintiff has also admitted that the Defendant's Reply only addressed the issues

raised in the Plaintiff's Opposition and did not contain any new arguments or evidence. (Plaintiff's Motion, pp. 1-2).

Plaintiff argues, however, that a surreply is warranted because Defendant's Reply was 3 pages longer than its Motion. Plaintiff further argues that there are eight issues which warrant the filing of a surreply.

Defendant submits that the Plaintiff fails to present any compelling justification for filing a surreply in this case. First, Defendant's Reply was a response to Plaintiff's Opposition and her October 24, 2006 Supplemental Filing. Second, the eight issues referenced by the Plaintiff as the basis for the surreply are not new issues that were raised for the first time in the Defendant's reply. Rather, they are issues that were addressed in the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment Motion and supporting documents. The Plaintiff was given ample opportunity to address the Defendant's arguments in the Plaintiff's Opposition. In addition, the Plaintiff filed a supplement to her Opposition on October 24, 2006, in which she argued that she could establish an adverse action.

Now, the Plaintiff seeks a third bite at the apple" after the Defendant has filed a compelling motion and reply that highlighted the severe deficiencies in her case. It is too late to correct such deficiencies in a surreply.

The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C.2001); cf. Alexander v. Federal Bureau of Investigation, 186 F.R.D. 71, 74 (D.D.C.1998). If the opposing party's reply merely raised issues that the parties have already addressed or had the opportunity to address, the surreply should be denied. U.S. Commodity Futures Trading Com'n v. Whitney, 441 F.Supp.2d

61, 73 (D.D.C. 2006). See also Corel Corp. v. U.S., 165 F.Supp.2d 12, 18 n. 1 (D.D.C. 2001) ("Because I find that the arguments raised in Corel's surreply could have been raised in Corel's opposition brief, Corel's motion to file a surreply will be denied"). Here, under the applicable standard, the Plaintiff's Motion for Leave to file the surreply should be denied. None of the eight issues cited by the Plaintiff constitute new evidence or argument which could not have been raised in Plaintiff's Opposition.

Defendant responds specifically to the eight issues below. For the convenience of the Court, Defendant has repeated Plaintiff's assertions:

1. There is a legitimate dispute as to the reasons why defendant disciplined Ms. Davis. A reasonable interpretation of Ms. Davis' letter of warning states that Davis was disciplined for both unauthorized disclosure of official information and by the fact that she accessed the K drive. (See p.3 of the defendant's reply brief and Def. Ex. 17).

RESPONSE:

The Plaintiff requests yet another opportunity to attack the Defendant's articulation of a legitimate, non-discriminatory reason for its issuance of a letter of warning to Plaintiff. The reasons for the letter of warning, however, are fully set forth in the Defendant's Motion, pp. 15-18, and in Defendant's Exhibit 17, which was attached to the Motion. The Plaintiff was required to respond in her Opposition to the Defendant's proferred legitimate, non-discriminatory reasons for issuance of a letter of warning. Her response is inappropriate in a surreply.

2. Contrary to the defendant's arguments, (Def.'s Reply Brief., p. 20-22), there is a legitimate dispute that the computers of Davis' co-employees, Malcolm Weeks and Allison Poore were not examined by a computer specialist, even though Weeks and Poore both conceded

to accessing the same information on their computer as Davis accessed. (See Def. Ex. 13). From this disputed fact, the Court could draw an inference that Weeks and Poore were similarly situated yet treated less harshly than Ms. Davis.

RESPONSE:

The Plaintiff seeks to argue that Malcolm Weeks and Allison Poore accessed the same information but were not disciplined. Plaintiff also seeks to respond to Def Exh 13. The Plaintiff responded to the Defendant's arguments that Weeks and Poore were not similarly situated in her Opposition, pp. 16-21 and also had the opportunity to respond to Def Exh 13. Thus there is no need for an additional -response in a surreply.

3. There is a legitimate dispute as to whether Ms. Poore was similarly situated even though she had filed an EEO against Mr. Blocker a few years prior to Ms. Davis' reassignment in January 2003. (See Reply Brief, p. 16 and Exs. 23-25). Ms. Davis has personal knowledge and intends to file a declaration that Ms. Poore did experience retaliation because she was the only investigator in the office who was not promoted in January 2003, which caused her to be upset. Poore was also subsequently investigated for leave violations in 2003 and proposed for termination in 2004.

RESPONSE:

The Plaintiff seeks to submit an affidavit in which the Plaintiff makes a statement on the merits of Allison Poore's EEO complaint against the Agency. This affidavit is inappropriate for a "surreply" because it would constitute new evidence and a new argument. In its Motion and its Reply, the Defendant merely stated that Poore was in the same protected class as the Plaintiff because she had engaged in prior EEO activity. The Defendant did not argue the substance or merits of the allegations. Thus, Plaintiff's affidavit would be inappropriate for submission in a

4

surreply. In addition, the Plaintiff's affidavit, in a surreply, far exceeds the scope of the Defendant's reply.  It was incumbent upon the Plaintiff to seek the information with regard to Allison Poore's during discovery and to include any information in her Opposition. Inasmuch as the time has long ended for discovery, the Plaintiff cannot now introduce this issue in a surreply that should have been raised in discovery.

    4. The defendant cannot legitimately claim that Ms. Davis admitted viewing other employee disciplinary records. (See Reply Brief, p. 4). In fact, contrary to the defendant's contentions she does not state in her deposition (Exhibit 8, p. 67:1-25), that she viewed disciplinary actions of co-workers. She only states that the records were generally there in the files she discovered she could access. Further, the OIG did not find she viewed the information. (Ex. 13). Even Blocker does not claim as much. (Ex. 17).

    RESPONSE:

    The Plaintiff requests leave to argue that she did not view other employee's disciplinary actions.  The Defendant argued in its Motion that the Plaintiff viewed other employee's disciplinary records.  (Defendant's Motion, pp ).  The Plaintiff has contested this fact in her statement of disputed material facts and in her Opposition.  Thus, the Plaintiff's assertion in item No. 4 does not constitute new evidence or argument that would warrant leave to file a surreply.

    5. There is nothing in the record that supports the defendant's claim that Ms. Davis "copied" any personnel information. (See pp. 20-22 of Reply Brief). The record merely shows that Ms. Davis accessed information in the "K" drive and that her computer showed a trace of the access on her user drive as it does with any access. She did not download or otherwise copy any other part of these records to any part of her personal computer or the defendant's network as the defendant's arguments imply.

RESPONSE:

The Plaintiff requests leave to address Defendant's argument that she copied information onto her user drive. The Defendant argued this in its Opposition, pp.  and referenced Exhibits 13, 14, and 12 as support for this fact in its Motion. The Plaintiff had the opportunity to respond to the statement in her Opposition and she should not be provided an additional opportunity in a surreply.

6. Contrary to the defendant's contention, the facts are highly disputed as to whether Ms. Davis was secretive about the fact that she had authorized access to the information on her "K" drive. Even the defendant's description of Ms. Davis' conduct, in which it claims she publicly displayed the information, does not support the claim that she tried to hide this fact. (See Reply Brief, p. 19).

RESPONSE:

 The Plaintiff has responded in her Opposition regarding whether she knew what she was doing was wrong or whether she attempted to be secretive.

7. Ms. Davis has evidence from which the Court may draw an inference that her re-assignment while she was under investigation denied her career opportunities. (See discussion in Reply Brief, p. 15). In fact, she intends to file a supplemental declaration that she missed out on a promotion the next year because her investigative duties were removed during the re-assignment. Anderson, another male officer who received a promotion to GS-12 with her in 2002, was promoted in 2004.


RESPONSE:

6

The Plaintiff wants to present evidence <u>for the first time</u> in her surreply that she was denied promotion opportunities that others received. The Plaintiff, however, never raised this issue in her complaint or amended complaint. She never raised this issue during discovery. In her Opposition, pp. 12-13, and in her October 24, 2006 supplemental filing, the Plaintiff stated she suffered career set backs and was prevented from advancing. The Plaintiff had the opportunity in her Opposition and in her supplemental filing to provide the requisite details for such argument. To permit her to present new evidence in a surreply, with no amendment to her complaint and after discovery has concluded, is unwarranted and prejudicial to the Defendant.

8. Contrary to the defendant's contention, the record did support an inference that Ms. Davis' lost overtime assignments during her re-assignment and thus some monetary loss. (Reply Brief, pp. 6-9). This is true even though there may be some disputes about the precise amount of her loss.

RESPONSE:

In her surreply, the Plaintiff seeks to present evidence that she suffered monetary loss as a result of the temporary reassignment. In its Motion, pp. 4 the Defendant argued that the Plaintiff presented no evidence regarding alleged monetary loss. The Plaintiff, however, failed to present evidence of monetary loss either during discovery or in her Opposition. To permit the Plaintiff to present new evidence of monetary loss <u>for the first time</u> in a surreply is inappropriate and prejudicial to the Defendant.

7

## **CONCLUSION**

Based on all the foregoing, the Plaintiff's motion for leave to file a surreply should be denied. Neither the Federal Rules of Civil Procedure nor the Local Rules of the Court permit the filing of a Reply. The Plaintiff has not presented any circumstances which would warrant the unusual step of allowing a surreply. Clearly, the Defendant's reply is directed toward the issues raised by the Plaintiff in her Opposition and in her October 24, 2006 supplemental filing. In both pleadings, the Plaintiff had ample opportunity to address the eight items listed above. Thus, Plaintiff should be precluded from filing a surreply. If the Plaintiff is permitted to file a surreply and to attach new evidence and affidavits to the surreply, the Defendant request that it be permitted the opportunity to respond to the surreply.

Respectfully submitted,

__/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


__/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
Katherine Johnson
Associate Legal Advisor
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security