IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHERYL DAVIS,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil Action No. 05-1423 (HHK) |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY**, ) | |
| ) | |
| Defendant ) | |

### MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S SURREPLY, IF THE COURT PERMITS THE SURREPLY

For the reasons set forth in the Defendant's Opposition to the Plaintiff's Motion for Leave to File a Surreply, dated November 21, 2006, the Plaintiff should not be permitted to file a Surreply. If the Court, however, accepts the Plaintiff's Surreply, the Defendant respectfully requests leave to file a response. The Plaintiff stated in her November 21, 2006 Reply to the Defendant's Opposition that she has no objection if the Court allowed the Defendant to file a response to Plaintiff's Surreply.

The Plaintiff's Surreply presents new arguments and evidence regarding alleged retaliatory actions taken against Allison Poore. See Surreply, pp. 3-4 and Exhibit 1. During discovery, the Plaintiff neither listed Allison Poore as a witness nor as a person with knowledge of the facts or issues related to her complaint. See Plaintiff's Responses to Interrogatories No. 9 and 10, Def Exh 36. Plaintiff did not mention alleged retaliation against Allison Poore in her

Opposition to the Defendant's Motion for Summary Judgment.

In her Surreply, the Plaintiff did not submit any affidavit or deposition testimony of Allison Poore regarding the alleged retaliation against Poore. Rather, the Plaintiff submitted an affidavit consisting of pure hearsay with regard to an alleged conversation between Allison Poore and Plaintiff.

The Defendant submits that it should be provided the opportunity to reply to these new allegations and to attack the nature of Plaintiff's evidence. The Defendant should be able to refute the Plaintiff's allegations that Defendant took any adverse actions against Allison Poore with retaliatory motive by presenting evidence that Allison Poore never filed any complaints of retaliation and that the Defendant had legitimate, non-discriminatory reasons for its actions. The Defendant should also be able to present evidence that there is no nexus between Allison Poore's 2001-2002 EEO activity and her proposed termination.

In addition, for the first time in her Surreply, the Plaintiff submits argument and an affidavit asserting that she allegedly was denied an acting supervisory position and missed out on a career ladder promotion. She never raised these issues in her administrative complaint (see Def Exh 4-6), her District Court complaint, or her amended complaint. She never raised them during discovery. See Def Exh 8, 36 and 27. In Interrogatory No. 5, Def Exh 36, the Defendant asked the Plaintiff to state **fully** the type and amount of damages which she allegedly suffered as a result of discrimination or retaliation by the defendant. The Plaintiff did not list lost promotion opportunities or back pay as part of her damages. Moreover, the Plaintiff did not mention denial of an acting supervisory position and a GS-13 promotion in her Opposition to the Defendant's Motion for Summary Judgment.

The Defendant should be provided the opportunity to show that the Plaintiff was not denied any promotion opportunities.  Specifically, Plaintiff was not entitled to a career ladder promotion. Rather, she was required to apply and compete for a GS-13 position.  The Defendant can also establish that Anderson Wright was not promoted automatically.  Rather, Mr. Wright applied and was competitively selected for a position in Internal Affairs in another component of the Agency.  Defendant can also establish that the Plaintiff did not apply for Wright's position.  Furthermore, the Defendant can establish that the Plaintiff was not denied any acting supervisory positions because of her temporary reassignment or letter of warning.

Plaintiff has presented the above new arguments and evidence in the Plaintiff's Surreply. The Defendant requests that it be permitted to file a Response to the Plaintiff's Surreply to address these new arguments as well as the other issues raised in the Surreply, if the Surreply is permitted.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

__/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
Katherine Johnson
Associate Legal Advisor
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

4