IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHERYL DAVIS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| V. ) | Civil Action No. 05-1423 (HHK) |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY**, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SURREPLY**

The Plaintiff filed this civil action and alleged that the Defendant retaliated against her for "accessing confidential personnel information and reassigned her to a less desirable area and relieved her of her case processing duties." Amended Complaint, P. 4. The Plaintiff further alleged that "her coworkers who accessed the very same information were not even cited for the incident and the difference in treatment was motivated by management's animosity toward Plaintiff because of her filing the prior EEO complaint." Id.

Defendant moved to dismiss or, in the alternative, for summary judgment. Defendant argued that the Plaintiff could not show the requisite adverse action for the temporary reassignment and letter of warning that she received. Defendant further argued that the Plaintiff could not establish a prima facie case of retaliation. Even if the Plaintiff could establish a prima facie case, the Defendant argued that it had articulated legitimate, non-discriminatory reasons for its action, and the Plaintiff could not show that these actions were pretextual.

The Plaintiff filed an Opposition and asserted that there were disputed issues of material fact, which would preclude summary judgment. Specifically, she contended that it is disputed: (1) whether she had authorized access to the folder of personnel information located on the K drive; (2) whether she violated policies and procedures; (3) whether it is standard practice to reassign employees pending investigations of misconduct; (4) whether she lost significant overtime pay that she regularly earned in conducting her investigative duties; and (5) whether the Office of Inspector General exonerated the Plaintiff. Opposition, pp. 1-2.

Defendant filed its Reply to Plaintiff's Opposition. After the filing of Defendant's Reply, Plaintiff requested leave of Court to file a Surreply. Defendant opposed the filing of the Surreply. Defendant argued that the Plaintiff failed to present any compelling justification for filing a Surreply in this case. First, Defendant's Reply was a response to Plaintiff's Opposition and her October 24, 2006 Supplemental filing. Second, Defendant argued that the eight issues referenced by the Plaintiff as the basis for the Surreply were not new issues that were raised for the first time in the Defendant's Reply. Rather, they were issues that were addressed in the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and supporting documents. Defendant further argued that the Plaintiff was given ample opportunity to address the Defendant's arguments in the Plaintiff's Opposition.

The Court has granted the Plaintiff's request to file her Surreply. In her Surreply, the Plaintiff contends: (1) there is a legitimate dispute as to the reasons why the defendant disciplined Ms. Davis; (2) Allision Poore and Malcolm Weeks were valid comparators (employees) who were treated less harshly than Ms. Davis; (3) the Defendant has no evidence to support the claim that Ms. Davis either viewed or copied employees' disciplinary records; (4) Ms. Davis did not hide the fact that she accessed the "k" drive information; (5) the re-assignment

cost Ms. Davis career opportunities; (6) Ms. Davis lost some overtime opportunities during her re-assignment; and (7) there was a sufficient temporal proximity between Ms. Davis' EEO Complaint and the re-assignment to support a prima facie case.

As we set forth below, the arguments in the Plaintiff's Surreply and Plaintiff's attached affidavit are insufficient to create a genuine issue of material fact with respect to her prima facie case or pretext. Although the Plaintiff may have shown temporal proximity between her protected activity and the actions taken by the Defendant, she failed to address the other elements of nexus. The Plaintiff also failed to create any genuine issue of material fact regarding whether the temporary reassignment and letter of warning constituted adverse actions.

Most importantly, the Plaintiff has presented no probative, competent evidence that the Defendant's asserted reasons for its actions were pretextual or that the Defendant was motivated by retaliation. She presents only a belated and self-serving affidavit, which contains speculation and bald, conclusory assertions. The Plaintiff's weak prima facie case, coupled with the abundant and unimpeached independent evidence in the record that the Defendant had a legitimate, non-discriminatory reason for its actions and the lack of any evidence of pretext, warrants the entrance of summary judgment against the Plaintiff.

### A. THE PLAINTIFF MISSTATES THE SUMMARY JUDGMENT STANDARD IN HER SURREPLY

Plaintiff asserts that it is the Defendant's burden to present overwhelming and uncontroverted evidence that retaliation has not occurred. Surreply pp 1, 6, and 9. To the contrary, Reeves v. Sanderson Plumbing Products, 530 US 133, 148 (2000) and the D.C. Circuit cases interpreting Reeves indicate that once the Defendant offers a nondiscriminatory reason for its actions, in order to survive summary judgment, it is the Plaintiff who must show that a reasonable jury could conclude from all of the evidence that the Defendant's actions were made

3

for a discriminatory reason, i.e. that the Defendant acted out of retaliatory animus. See, e.g., Holcomb v Powell, 433 F. 3d 889, 895-897 (D.C. Cir. 2006); Morgan v. Federal Home Loan Mortgage Corporation, 328 F. 3d 647, 654 (D. C. Cir 2003). These cases indicate that "all of the evidence" includes any combination of evidence establishing the employee's prima facie case, evidence the employee presents to attack the employer's proffered explanation for its actions, and any further evidence of discrimination that may be available to the employee, such as independent evidence of discriminatory statements or attitudes on the part of the employer. Holcomb, 433 F. 3d at 895-897; Morgan, 328 F. 3d at 654.

A Plaintiff cannot defeat summary judgment with unsupported allegations or denials. See, e.g., Banks v. District of Columbia, 377 F. Supp. 2d 85, 88-90 (D.D. C. 2005); Carter v. Greenspan, 304 F. Supp. 2d 13, 20-22 (D.D.C. 2004); Waterhouse v. Dist of Columbia, 124 F. Supp. 2d 1, 4 (D.D.C. 2000), aff'd 298 F. 3d 989 (D. C. Cir 2002). Rather, the Plaintiff's Opposition must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial; if evidence is merely colorable or is not significantly probative, summary judgment may be granted. Id. Wholly conclusory statements for which no supporting evidence is offered need not be taken as true for summary judgment purposes. Banks, 377 F. Supp. 2d at 88-90.

The mere existence of some alleged factual dispute between the parties will not defeat summary judgment. Holcomb, 433 F. 3d at 895-897. Factual disputes that are irrelevant or unnecessary do not affect the summary judgment determination. Id. The requirement is that there be no genuine issue of material fact. Id.

The ultimate burden of persuading the trier of fact that the defendant intentionally

discriminated against the plaintiff remains at all times with the plaintiff. Morgan v. Federal Home Loan Mortgage Corporation, 328 F. 3d 647, 651-654 (D.C. Cir. 2003). The two questions before the Court are: could a reasonable jury infer that the employer's given explanation was pretextual and if so, could the jury infer that this pretext shielded discriminatory motives? Murray v. Gilmore, 406 F. 3d 708, 713 (D.C. Cir. 2005). That a jury could infer pretext does not always mean that a jury could infer race or sex discrimination. Id at 715.

In this case, the Plaintiff has not presented sufficient probative or competent evidence to defeat summary judgment. The Plaintiff relies almost exclusively on her own bald, conclusory, and unsupported assertions, which are insufficient to defeat summary judgment. She has presented only a weak prima facie case of discrimination at best. In particular, the Plaintiff has failed to establish nexus, that any similarly situated employees were treated differently, or that she was subjected to any adverse action. The Plaintiff has presented no proof of any probative value that the Defendant's explanation for its actions are false or pretext for discrimination. On the other hand, the Defendant has presented abundant and un-controverted independent evidence that it acted with legitimate, non-discriminatory reasons. Thus, the Defendant has met the requirements for summary judgment.

### B. THE PLAINTIFF HAS NOT DEMONSTRATED ANY GENUINE ISSUE OF MATERIAL FACT

**1. There is no genuine issue of material fact regarding the Defendant's legitimate, non-discriminatory reasons for disciplining Ms. Davis.**

Defendant's reasons for the issuance of Plaintiff's letter of warning were fully set forth in the Defendant's Motion for Summary Judgment. See pp. 15-18. See also Defendant's Exhibits 8, 11, 12, 13, 14, and 17. The Plaintiff's failure to make any showing of pretext regarding these

reasons is also set forth in the Defendant's Motion for Summary Judgment. <u>See</u> Motion p. 19 and Defendant's Reply to the Plaintiff's Opposition, pp. 3-5.

Plaintiff attempts to establish a disputed fact by referring to one sentence on the last page of the letter of warning. Surreply, p. 2. She claims that a "reasonable interpretation" of this sentence shows that she was disciplined for accessing the K: drive, even though she was an authorized user. The line cited by the Plaintiff actually states, "Unauthorized disclosure of official information **gained** by your position and your access to the K drive is a serious offense that impacts upon your integrity and judgment as a Special Agent and is conduct that will not be tolerated." Def Exh 17, p. 2.

Plaintiff's reading of the sentence is patently erroneous and unreasonable. Clearly, it is self-evident that the sentence refers to the Plaintiff's access to the K drive as one of the methods by which she gained official information – by her position and by her access to the K drive. The offense (unauthorized disclosure) is listed in the singular, not in the plural. If the Plaintiff were being warned about illegally accessing the K drive, the sentence would have read, "Unauthorized disclosure of official information gained by your position and unauthorized access to the K drive" are serious offenses, or words to that effect. Notably, paragraphs 2 through 4 of the letter of warning inform the Plaintiff of the basis for the improper conduct; yet, the paragraphs do not mention unauthorized access to the "K drive". Def Exh 17, p. 1.

In any event, such quibbling over the wording in one sentence in a letter of warning presents no genuine issue of material fact regarding the defendant's motives and thus is insufficient to defeat summary judgment. <u>See, e.g.</u>, <u>Holcomb</u>, 433 F 3d at 901 (trivial and remote inconsistencies do not affect the summary judgment determination). The Plaintiff has presented no other evidence, such as testimony from the drafter regarding the letter's meaning

6

and intent, to refute the Defendant's asserted reasons for issuing the letter. Accordingly, there is no genuine issue of material fact regarding the Defendant's legitimate non-discriminatory reason for the issuance of Plaintiff's letter of warning.

>   **2. There is no genuine issue of material fact regarding the Defendant's treatment of Allison Poore and Malcolm Weeks and whether they were similarly situated to the Plaintiff.**

The Plaintiff argues that there is a legitimate dispute that Malcolm Weeks and Allison Poore, Plaintiff's co-workers, were treated differently from Ms. Davis, although they allegedly engaged in the same misconduct. Surreply, pp. 4-5. The Defendant does not dispute that neither Weeks nor Poore were investigated or disciplined in 2003 for the same misconduct as that committed by the Plaintiff. The Defendant, however, has presented substantial and unimpeached independent evidence that Allison Poore and Malcolm Weeks were not similarly situated to the Plaintiff and thus should not have been investigated and/or disciplined. See Defendant's Motion for Summary Judgment, p. 19; Defendant's Reply to the Plaintiff's Opposition, pp. 19-20. In her Surreply, the Plaintiff fails to effectively rebut the Defendant's evidence or create any genuine issue of material fact that Weeks and/or Poore were similarly situated to the Plaintiff so as to establish a prima facie case or pretext regarding any difference in treatment. While the Plaintiff baldly asserts that Weeks and Poore conceded to accessing the same information, plaintiff's assertion is unsupported by the unrebutted and unimpeached evidence. As set forth in the Defendant's Reply, Weeks never conceded to accessing the K drive. See Reply, pp. 19-20. In fact, he could not access the K drive because he was not an authorized user and his access was blocked. See OIG Report, e-mail from Norton to Ingol, dated March 26, 2003, Subject: Investigative Information, Def Exh 13, pp. 8-9; Weeks Declaration, Def Exh 33. There is no evidence that Poore accessed the information, except when requested to do so by Ronald Blocker

7

and Anderson Wright. Declaration of Anderson Wright, Def Exh 33; Supplemental Declaration of Ronald Blocker, Def Exh 39; Supplemental Declaration of Anderson Wright, Def Exh 44. In her Surreply, the Plaintiff does not challenge the Defendant's other arguments or evidence regarding the reasons Poore and Weeks were not similarly situated to the Plaintiff.

The Plaintiff does not dispute that Allison Poore was in her protected class because Poore had engaged in EEO activity prior to January of 2003. She appears to suggest, however, that if the Defendant had not needed Poore as a witness against Davis, the Defendant would have treated Poore the same as Davis. Surreply, pp. 3-4. This pure speculation, which is unsupported by any evidence of record, cannot withstand summary judgment. Poore was in the same protected class as Plaintiff, and she was not temporarily reassigned, investigated, or issued a letter of warning under the same circumstances as Davis. Thus, Plaintiff's argument does not create an issue of a disputed material fact.

For the first time in her Surreply, the Plaintiff asserts that the Defendant retaliated against Allison Poore in other respects, and this allegedly "demonstrates a pattern on the agency's part of disciplining employees who file EEO complaints." See Surreply, pp. 3-4. Inasmuch as the Plaintiff failed to raise this issue at any time prior to the filing of her Surreply, this assertion should not be considered by the Court. Notably, in response to the Defendant's discovery requests, the Plaintiff did not list Allison Poore as a witness, nor as a person with knowledge of the facts or issues related to her complaint. See Plaintiff's Responses to Interrogatories No. 9 and 10, Def Exh 36.

The Plaintiff does not present a scintilla of evidence that the Defendant retaliated against Allison Poore or any other employee who filed an EEO complaint. The mere filing of discrimination complaints, where nothing more is known about the nature, merit, or outcome of

8

these complaints, cannot be used as a proxy to establish the Defendant's discriminatory animus in another case. *See* Holcomb, 433 F. 3d. at 900.

The Plaintiff bases her entire argument in her Surreply on her November 20, 2006 affidavit. *See* Surreply, Exh 1. Plaintiff asserts in her affidavit that Poore was not promoted in January of 2003, was counseled for leave and attendance issues in 2003, and was terminated in 2004. The Plaintiff, however, presents no evidence connecting these adverse actions to prior EEO activity. In fact, there is no direct or circumstantial evidence showing any kind of retaliatory animus by the Defendant.

The unrebutted evidence, including the Plaintiff's November 20, 2006 affidavit, attached to the Surreply, reveals that Poore filed only one EEO complaint of race discrimination that was active in the fall of 2001. The case was closed out in March of 2002 due to failure to prosecute. See Def Exh 40. Poore did not file an EEO complaint about her non-selection to the GS-12 level, any alleged counseling in 2003 about time and attendance, or her termination from federal service in 2004. Affidavit of Judy Maltby, Def Exh 40; Affidavit of Joseph Trindal, Def Exh 42. Indeed, the Plaintiff presents no direct testimony from Allison Poore, such as an affidavit or deposition testimony, that Poore believed she was being retaliated against by the Defendant. There is also no circumstantial evidence of retaliation against Poore. Plaintiff states that she discovered in January of 2003 that Poore had not been promoted to the GS-12 level, almost two years after the filing and dismissal of Poore's EEO complaint. Plaintiff's November 20, 2006 Affidavit, Surreply, Exh 1; Declaration of Judy Maltby, Def Exh 40. The termination occurred over 2 and a half years after Allison Poore's EEO complaint was filed (Def Exh 40) and was executed by management official, Joseph Trindal, who had no knowledge of any prior EEO activity by Poore. (Def Exh 42).

Moreover, the Defendant has presented legitimate, non-discriminatory reasons for its actions against Poore. Def Exh 42; Def Exh 46. Ms. Poore committed very serious and repeated misconduct, which warranted her termination from federal service. Def Exh 42. She was not promoted due to her excessive absenteeism. Def Exh 46. The Plaintiff has not shown that Defendant's actions against Poore were pretext for discrimination against Poore or the Plaintiff. Thus, Plaintiff has created no issue of disputed fact regarding the Defendant's treatment of Poore and Weeks and whether they were similarly situated to Plaintiff. She has created no issue of disputed fact that the Defendant treated Poore with discriminatory animus.

### 3. There is no genuine issue of material fact regarding the Plaintiff's viewing or copying disciplinary records.

The overwhelming independent and unimpeached evidence reveals that the Plaintiff accessed personnel information, including disciplinary actions, and copied the personnel information onto her user drive. The Inspector General's report states that the computer specialist, Deborah Norton, "discovered that Davis copied the SF-52 list from the personnel folder to her H drive, which is the user drive, located on her computer." See OIG report, Def. Exhibit 13, p 4. Other witnesses informed Ronald Blocker and Anderson Wright that the Plaintiff viewed disciplinary actions in the presence of her co-workers. OIG Report, Def Exh 13, pp. 3-4; Wright Declaration, Def Exh 32; Def Exh 12, ¶ 3. The Plaintiff's mere denials in this regard cannot create a genuine issue of material fact sufficient to survive summary judgment.

Moreover, as acknowledged by the Plaintiff in her Surreply, the discipline and promotion records viewed and disclosed were not material to the disciplinary action. Surreply, p. 4. The fact that the Plaintiff accessed and disclosed confidential personnel information unrelated to the performance of her official duties provided the primary basis for the issuance of a letter of

warning. Def Exh 17; Def Exh 12, ¶ 7. Thus, there is no genuine issue of material fact regarding the Plaintiff's viewing or copying disciplinary records.

### 4. Whether the Plaintiff was secretive in her actions is not a material issue of fact.

The Defendant has never contended that the Plaintiff was "secretive" or attempted to hide her access to the K drive from co-workers and that this "secretiveness" was the reason for disciplinary action. To the contrary, one of the reasons the Plaintiff was disciplined is that she disclosed the information to co-workers, many of whom had no access to the K drive. Def Exh 17; Def Exh 12; Def Exh 14.

The undisputed facts show that the Plaintiff informed her co-workers not to tell "management" or Ronald Blocker about her actions. Malcolm Weeks Statement, Plaintiff's Exh 2 to her Opposition; Blocker Affidavit, Def Exh 11; Blocker Declaration, Def Exh 12. See also OIG Report, Def Exh 13. In addition, the Plaintiff did not report her actions to management. Id. The Plaintiff does not explicitly deny that she cautioned certain co-workers not to inform Ronald Blocker or management of her actions. See Plaintiff's Statement of Disputed Facts, and Surreply, p. 5; Plaintiff's November 20, 2006 Affidavit, Surreply, Exh 1.

In short, the Plaintiff's alleged secretiveness is not a material issue of fact with regard to the issuance of the letter of warning. The Plaintiff was disciplined for publicly disclosing the information, not for hiding the information. Plaintiff's admonition to co-workers not to tell management indicates her awareness that she violated rules. Her failure to report the unprotected information also supports her knowledge of the wrongfulness of her actions and distinguishes her from her co-workers Poore and Weeks. Despite the evidence of the Plaintiff's awareness that her conduct was improper, she was only issued a letter of warning, the lowest form of disciplinary action. Thus, whether the Plaintiff was secretive in her actions is not a

11

material fact.

### 5. The Plaintiff cannot present any probative evidence that the reassignment constituted an adverse personnel action which prevented her from obtaining career opportunities.

The Plaintiff's new arguments, regarding alleged lost promotion opportunities, are presented for the first time in her Surreply, p. 5. The Plaintiff never raised lost promotion opportunities in her administrative complaint (see Def Exh 4-6), her federal court complaint, or her amended federal court complaint. The Plaintiff never raised these arguments during discovery. See Def Exh 8, 36 and 27. In Interrogatory No. 5, the Defendant asked the Plaintiff to state **fully** the type and amount of damages which she allegedly suffered as a result of discrimination or retaliation by the defendant. Def Exh 36. The Plaintiff listed neither lost promotion opportunities nor back pay as part of her damages. The Plaintiff's failure to raise this issue prior to the filing of her Surreply in November of 2006 has prevented the Defendant from fully investigating and developing the facts on this issue.

Moreover, the Plaintiff has not presented a scintilla of competent, probative evidence that she missed out on any promotion opportunities, or, if she did, that the loss was in any way related to her temporary reassignment or letter of warning. In order to be promoted to the GS-13 level, the Plaintiff would have been required to apply and compete for a position. Joseph Trindal Affidavit, Def Exh 42, ¶6. Yet, the Plaintiff has presented no evidence of any GS-13 positions to which she applied. Although the Plaintiff compares herself to Anderson Wright, Mr. Wright obtained a position in another component of the Agency, Internal Affairs, through the competitive process. Affidavit of Kevin Page, Def Exh 43; Affidavit of Anderson Wright, Def Exh 44. Mr. Wright was selected for promotion in June of 2004, more than a year after the Plaintiff returned from her temporary reassignment and the letter of warning had expired. Id.

The Plaintiff, however, did not even apply for the position. Affidavit of Kevin Page, Def Exh 43; Affidavit of Kathleen Holtcamp, Def Exh 45. In addition, the letter of warning was removed from her Official Personnel Folder on May 7, 2004, prior to the selection at issue. Def Exh 43; Def Exh 45.

The Plaintiff also fails to present a scintilla of evidence that she would have been appointed as Acting Supervisor instead of Anderson Wright had she not been temporarily reassigned. According to the Plaintiff, as of July 2002, Anderson Wright had already been appointed as the Regional Intelligence Agent and she in a subordinate position as his Deputy – six months prior to the temporary reassignment. See Plaintiff's November 20, 2006 Affidavit, ¶ 6, Surreply, Exh 1. Moreover, there were numerous other senior GS-12 Special Agents in the office at the time of her reassignment in January of 2003. Several of these special agents who were senior to the Plaintiff, could have been appointed to serve in a supervisory position rather than Wright. See Plaintiff's November 20, 2006 Affidavit, ¶ 4, Surreply, Exh 1; Wright Declaration, Def Exh 44. In order to have been appointed as Acting Supervisor in 2003, the Plaintiff would have had to have been chosen instead of Anderson Wright, who was already in a position of higher responsibility, and all the other senior GS-12 Special Agents in the office. The Plaintiff's mere speculation that she would have been appointed as an Acting Supervisor, if she had not been temporarily reassigned, is unsupported by any testimony or other evidence and is insufficient to survive summary judgment.

Moreover, Wright did not obtain any employment benefits from being appointed as Acting Supervisor in 2003. He did not receive an increase in pay. See Def Exh 44. He obtained a promotion to a GS-13 position because of his training and experience in internal affairs; supervisory experience was not a requirement of the position. See Def Exh 43 and 44.

13

Therefore, the Plaintiff cannot establish an adverse action, even assuming that she would have been selected to serve in a supervisory capacity instead of Anderson Wright. Thus, the Plaintiff has not presented any evidence that the reassignment was an adverse personnel action which prevented her from obtaining career opportunities. <u>Burlington Northern & Sante Fe Railway Co v. White</u>, 126 S Ct 2405, 2410-11 (2006).

**6. The Plaintiff has not presented any evidence in her Surreply of lost overtime opportunities sufficient to establish an adverse action.**

The Defendant has previously argued that the Plaintiff has failed to present any evidence regarding alleged monetary loss. <u>See</u> Motion, pp. 11-12 and in its Reply to the Plaintiff's Opposition, pp. 6-9. Even in her Surreply, the Plaintiff fails to present any evidence of this alleged personal monetary loss. Thus, the Plaintiff has made no showing that she was subjected to an adverse action with regard to any loss of overtime pay.

## CONCLUSION

Based on all the foregoing, and its previous Memoranda, Defendant requests that this case be dismissed, or summary judgment entered in favor of the Defendant.

Respectfully submitted,

__/s/_____

        JEFFREY A. TAYLOR, D.C. BAR # 498610
        Assistant United States Attorney


        __/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney


        __/s/_____
        WYNEVA JOHNSON, DC Bar #278515
        Assistant United States Attorney
        Judiciary Center Bldg.
        555 4th Street, N.W., Civil Division
        Washington, D.C. 20530
        (202) 514-7224

OF COUNSEL:
Katharine Johnson
Associate Legal Advisor
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security