IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL DAVIS,<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>    Defendant | Civil Action No. 05-1423 (HHK) |

## DECLARATION OF JOSEPH W. TRINDAL

1. I am currently employed as the Regional Director GS-1811-15, National Capital Region (NCR), Federal Protective Service (FPS), Immigration and Customs Enforcement (ICE), U. S. Department of Homeland Security (DHS), Washington, D.C., a position I have held since March 2003.

2. On March 24, 2004, I issued a final decision terminating Special Agent Allison Poore from federal service based on seven charges, to wit: Inability to Maintain a Regular Work Schedule, Making False Statements, Absence Without Leave, Failure to Follow Leave Procedures, Neglect of Duty, Misuse of Government Funds, and Failure to Pay A Charge Card in a Timely Manner. In making my decision, I considered all the evidence as well as Ms. Poore's oral and written replies. I determined that all the charges were substantiated and that removal was warranted. The proposing official for the removal was Dean Hunter, Deputy Regional Director. I did not consult with Ronald Blocker in making my final decision.

3. In responding to the proposed termination, Ms. Poore never asserted that it was the result of retaliation for protected EEO activity. She never asserted that it was the result of discrimination by Ronald Blocker or any other agency official.

4. At the time I issued the termination notice, I had no knowledge that Ms. Poore had engaged in prior EEO activity.

5. Ms. Poore never challenged her termination from federal service in any forum as being illegal, discriminatory or otherwise improper or wrongful. In fact, after receiving the decision letter, she requested to resign in lieu of termination, which I granted.

6. The GS-1811-12 Criminal Investigator position that Ms. Davis occupies at the Federal Protective Service, National Capital Region, is at the full journeyman level and is not a career ladder position. In other words, Ms. Davis is not automatically entitled to a promotion to the GS-1811-13 level. In order to obtain a GS-1811-13 position, Ms. Davis would have to submit an application in response to a posted vacancy announcement and compete for such position.

---

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the 10th day of January 2007.

JOSEPH W. TRINDAL